STATE of Missouri, ex rel. William B.
ENGLAND, Defendant Ad Litem for
Gary W. Erhart, Deceased, Relator,

v.

The Honorable Jack L. KOEHR, Judge
of the Circuit Court of the City of
St. Louis, Respondent.

No. 62789.

Missouri Court of Appeals,
Eastern District,
Writ Division Four.

Feb. 9, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 17, 1993.

Application to Transfer Denied
April 20, 1993.

Joseph L. Leritz, Edward M. Roth, Ler-
itz, Plunkert & Bruning, P.C., St. Louis, for
relator.

Thomas J. Casey, Jonathan E. Fortman,
Casey & Meyerkord, St. Louis, for respon-
dent.

SMITH, Presiding Judge.

Plaintiff in the underlying action was
injured in a motor vehicle accident in Ste.
Genevieve County. The driver of the other
vehicle was Gary Erhart, a resident of St.
Louis County. Erhart was killed in the
accident and relator England is his defen-
dant ad litem. At the time of the accident
Erhart was alleged to be an employee of
Spartan Tool, a division of Heico, Inc., a
Nevada corporation not registered to do
business in Missouri and not having applied
for a certificate of authority to transact
business within the State. Heico transacts
business in Missouri through its Spartan
Tool Division which maintains an office in
the City of St. Louis. Plaintiff brought his
action in the Circuit Court of the City of St.
Louis against relator and Heico. Relator
challenged venue as contrary to the provi-
sions of § 508.010 RSMo 1986. The trial
court held that Heico was a *"de facto* resi-
dent"* of St. Louis and that venue was
proper. Relator applied for our prelimi-
nary writ of prohibition which was issued
and which we now make permanent.

Section 508.010 is the general venue stat-
ute. Subdivisions (2), (3), (4) and (6) pro-
vide in pertinent part as follows:

(2) When there are several defendants,
and they reside in different counties, the
suit may be brought in any such county;

(3) When there are several defendants, some residents and others nonresidents of the state, suit may be brought in any county in this state in which any defendant resides;

(4) When all the defendants are nonresidents of the state, suit may be brought in any county in this state; ...

(6) In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties ...

Section 508.010(2–4, 6).

Section 508.040 RSMo 1986, the corporation venue statute provides:

Suits against corporations shall be commenced either in the county where the cause of action accrued, ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business.

Section 508.040.

From these sections certain conclusions are obvious. If plaintiff below had not joined relator in the underlying litigation, venue in St. Louis City would have been authorized under § 508.040. With both relator and Heico joined as defendants, venue in St. Louis County or Ste. Genevieve would be authorized under subsections (3) or (6) of § 508.010. The question before us is whether where an unregistered foreign corporation maintains an office in St. Louis City that city may be treated as the corporation's residence for purposes of venue. Under the law as it presently exists in the state we hold it cannot be.

■ Section 351.375.3 RSMo 1986 provides that "[t]he location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained." In *State ex rel. Bowden v. Jensen*, 359 S.W.2d 343 (Mo. banc 1962) the court was dealing with the residence of a foreign *registered* corporation and venue when joined with an individual. It there held that the residence of the corporation for purposes of venue was solely the location of its registered agent. It premised this conclusion upon protecting the resident individual defendant from the indefiniteness of knowing whether venue as to him was proper. Specifically the court stated:

The theory that Sec. 351.620 was intended to give foreign business corporations a specific, definite and certain residence in this state, and that Sec. 508.010 subd. (2) should be construed with it, conforms to good business practice and the proper protection of the rights of individual defendants who may be joined with corporate defendants. Such a construction makes for definiteness and certainty and an individual defendant when so joined may *immediately and definitely* determine whether the venue of the action is proper or improper as to him. It may not make any difference to such a foreign business corporation in what county the plaintiff may file his action, but, on the other hand, it may be vitally important to the particular individual defendant the plaintiff seeks to join as an additional defendant in the action.

*Bowden*, 359 S.W.2d at [3].

■ Respondent asserts that it is unfair to allow a foreign corporation to evade the registration laws of the state and escape being sued in the county where it does business. That may well be true. In *Bowden* the court held that venue was not proper in the county where the foreign *registered* corporation was maintaining an office for the conduct of its business. The rationale did not have to do with the effect on the foreign corporation but upon the impact on the individual defendant. Punishing the foreign corporation for violation of the registration laws by imposing an otherwise invalid venue on the individual defendant is not within the rationale of *Bowden*. Punishment for such violation is covered by § 351.635. Under the rationale of *Bowden* the individual defendant may object to the venue even though the corporate defendant cannot. Where individual and corporation are joined, venue may be obtained only at a "residence" of one of the defendants (or at the venue of the tort). An unregistered foreign corporation does not have a "residence" under the statutes. Pursuant to *Bowden* relator may properly

challenge the venue here which is neither at the "residence" of a defendant nor at the *situs* of the tort.

Respondent relies upon *State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194 (Mo. banc 1991) in support of the decision denying the transfer. That case very specifically limits its holding to cases involving foreign insurance companies which are not required to designate a registered office in the state. [5–10]. In view of the very specific language of the opinion differentiating those corporations from foreign general business corporations we are unable to conclude that *Rothermich* was intended to overrule the *Bowden* decision. We can acknowledge that the result in *Rothermich* and the language used therein evidences less concern for the status of the individual defendant joined in the action than was expressed by the court in the *Bowden* opinion. However, until the Supreme Court holds that an individual defendant joined with an unregistered foreign corporation is to be treated differently than an individual defendant joined with a foreign registered corporation, we must assume that the rationale of *Bowden* applies.

The preliminary writ of prohibition is made permanent and the respondent is directed to sustain the motion for transfer and transfer the cause to either St. Louis County or Ste. Genevieve County at the selection of the plaintiff in the underlying action.

KAROHL, C.J., and SIMON, J., concur.