STATE ex rel. James GREEN, M.D., T. Isakson, M.D., and Christina L. Litherland, M.D., Relators,

v.

The Honorable Margaret M. NEILL, Presiding Judge, Twenty–Second Judicial Circuit of Missouri, Respondent.

No. SC 85534.

Supreme Court of Missouri, En Banc.

Feb. 24, 2004.

T. Michael Ward, Robert S. Rosenthal, St. Louis, for relators.

Michael A. Gross, Mark I. Bronson, St. Louis, for respondent.

RICHARD B. TEITELMAN, Judge.

Relators (defendants in a medical malpractice claim) seek a writ of prohibition barring Respondent from taking any further action other than transferring the underlying case to a proper venue. Relators argue that fellow defendant Malaika Horne, Ph.D., a member of the board of curators of the University of Missouri and resident of the City of St. Louis at the time the petition was filed, was joined pretensively so that plaintiffs could obtain venue in the Circuit Court of the City of St. Louis.

Plaintiffs failed to state a cause of action against Curator Horne. Therefore, the joinder of Curator Horne as a defendant was pretensive. The preliminary writ of prohibition is made absolute.

### Background

Melinda Houston gave birth to her son at University Hospital and Clinics in Columbia, Missouri (Boone County). Houston and her son are residents of Columbia. They later filed suit in the City of St. Louis (not in Boone County) alleging medical malpractice against physicians involved in the delivery. Plaintiffs also included as defendants the University of Missouri board of curators (doing business as University Hospital), and nine individual members of the board of curators. One of the members of the board, Curator Horne, was a resident of the City of St. Louis at the time the petition was filed. No other defendant was a resident of the City of St. Louis. Plaintiffs ultimately asserted that venue was proper in the City of St. Louis pursuant to section 508.010(3), RSMo 2000, which provides that when "there are several defendants, some residents and others nonresidents of the state, suit may be brought in any county in this state in which any defendant resides."

Defendants moved to transfer venue and argued that joinder of the curators was pretensive, noting that venue in the City of St. Louis rests solely on the inclusion of Curator Horne as a defendant and arguing that plaintiffs failed to state a claim against Curator Horne. The Circuit Court denied the motion, and three of the physician defendants seek a writ of prohibition from this Court barring the Circuit Court of the City of St. Louis from taking any further action other than transferring the underlying case to a proper venue.

### Analysis

A writ of prohibition "will be issued only to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power. Because improper venue is a fundamental defect, a court that acts when venue is improper acts in excess of its jurisdiction. Prohibition lies to bar the trial court from taking any further action, except to transfer the case to a proper venue." *State ex rel. SSM Health Care St. Louis v. Neill*, 78 S.W.3d 140, 142 (Mo. banc 2002) (citations omitted).

Although plaintiffs may file suit in any statutorily permissible venue, courts will not permit plaintiffs to engage in the pretense of joining defendants for the sole purpose of obtaining venue. *State ex rel. Malone v. Mummert*, 889 S.W.2d 822, 824 (Mo. banc 1994). Under one test, joinder is pretensive if the petition on its face fails to state a claim against the joined defendant. *Id.*

Plaintiffs did not allege that Curator Horne participated in any aspect of the medical care. Instead, the claim against Curator Horne was based on the doctrine of respondeat superior. "Under responde-

at superior, an employer is liable for damages from the misconduct of its employee acting within the course and scope of employment." *Stanley v. City of Independence,* 995 S.W.2d 485, 487 (Mo. banc 1999).

However, "[i]t is well-settled law that public officers are not responsible for acts of subordinate officials, if such subordinates are themselves employees of the government, where there is no negligence on the part of such public officials in employing them, unless the superior officer has directed or encouraged or ratified such acts, or has personally co-operated therein." *Davis–Bey v. Missouri Dept. of Correction,* 944 S.W.2d 294, 298–99 (Mo.App. 1997) (citations omitted).

Curator Horne was a public officer and plaintiffs seek to hold her liable for the acts of hospital staff who were employees of the government. While plaintiffs claimed that sovereign immunity was waived and Curator Horne could have been sued, plaintiffs did not allege that Curator Horne "directed, encouraged, ratified or personally cooperated" in the allegedly tortious conduct. *Id.* at 299; *see Smith v. Consolidated School District No. 2,* 408 S.W.2d 50, 55 (Mo. banc 1966). Plaintiffs did not provide a basis for a claim of individual liability against Curator Horne.

The petition on its face failed to state a claim against Curator Horne and, therefore, the joinder of Curator Horne as a defendant was pretensive. *Malone,* 889 S.W.2d at 824. Curator Horne's status as a resident of the City of St. Louis was the only grounds cited by plaintiffs for venue in the City of St. Louis. Without a valid

claim against Curator Horne, venue is not proper in the City of St. Louis.[1]

The preliminary writ is made absolute.

All concur.

---

1. It is not necessary for this Court to resolve relators' additional claims that joinder of Curator Horne was pretensive.