STATE ex rel. HARPER INDUSTRIES, INC., Relator,

v.

The Honorable J. Miles SWEENEY, Circuit Judge, Respondent.

No. 27621.

Missouri Court of Appeals, Southern District, Division Two.

April 27, 2006.

John M. Waldeck and Chad C. Beaver, Waldeck, Matteuzzi & Sloan, P.C., Leawood, KS, for relator.

Eric Belk, Eric Belk, P.C., Springfield, for respondent.

### ORIGINAL PROCEEDING
### IN PROHIBITION

KENNETH W. SHRUM, Presiding Judge.

This original proceeding (prohibition) presents this question: What are the venue possibilities in a damage suit when there is only one defendant, the defendant is a foreign corporation, and it (the corporation) has not registered to do business in Missouri?

Specifically, Steven Baldwin ("Plaintiff"), a resident of Dade County, Missouri, alleges he suffered injuries in Dade County that were caused by equipment manufac-

tured by Harper Industries, Inc. ("Relator"). Relator is a foreign corporation with no registered agent in Missouri. Plaintiff's suit to recover damages from Relator was filed in Greene County, Missouri.

Relying on section 508.040, Relator timely filed to transfer the suit to Dade County, claiming that county was the proper venue for Plaintiff's suit.[1] The Honorable J. Miles Sweeney ("Respondent") overruled Relator's motion.

Thereon, Relator filed its petition for writ of prohibition with this court. Suggestions in opposition to Relator's writ request were filed on behalf of Respondent. With the case in that posture, this court invokes Rule 84.24 to dispense with the issuance of a preliminary order.[2] We also dispense with further briefing and oral argument and issue a peremptory writ in prohibition. Specifically, we order Respondent to take no further action in the case in Greene County, Missouri, other than to transfer the case to Dade County, Missouri.

A writ of prohibition is proper when a court acts in excess of its jurisdiction. *State ex rel. SSM Health Care St. Louis v. Neill,* 78 S.W.3d 140, 142 (Mo. banc 2002). "Because improper venue is a fundamental defect, a court that acts when venue is improper acts in excess of its jurisdiction." *Id.* Thus, a writ of prohibition will issue to bar the court from taking any further action, except to transfer the case to the proper venue. *Id.*

The relevant facts are as follows. Plaintiff was a resident of Dade County at the time he was injured. The injury occurred in that county. Relator is a Kansas corpo-

---

1. All statutory references are to RSMo (2000), unless stated differently.

2. All rule references are to Supreme Court Rules (2006), except where otherwise indicated.

ration with no registered agent in Missouri.[3] Via a sworn affidavit, Relator's president declared that Relator "has never owned or operated any business location, or ever operated an office for any purpose whatsoever" in Missouri. Relator's assertion to the trial court that it has no agent or office in Missouri was not challenged by Plaintiff. Similarly, Respondent does not dispute that claim before this court. Accordingly, this case involves a Dade County resident suing a foreign corporation that has no registered agent in Missouri for an injury sustained in Dade County.

With this factual underpinning, Relator argued to the trial court and now to this court that venue is governed by section 508.040.[4] Respondent disagrees, insisting that the general venue statute (§ 508.010) controls.[5] What is undisputed, however, is that venue is determined or governed exclusively by statute. *State ex rel. Smith v. Gray*, 979 S.W.2d 190, 191 (Mo.banc 1998).

■ When this case was started, the general venue statute provided, *inter alia,*

that a suit may be brought in any county in this state when "all defendants are nonresidents of the state." [6] § 508.010(4). *See* n. 5. Since Relator was the only defendant named by Plaintiff in his suit, this section—if read in isolation—seemingly suggests venue would be proper in any Missouri county and the case was properly filed in Greene County.

■ To adopt that argument, however, would require us to ignore section 508.040, the special venue statute governing suits when the only defendants are corporations. *See* n. 4. This we cannot do. "General rules establishing venue are subject to specific statutes which place venue elsewhere." *State ex rel. City of St. Louis v. Kinder*, 698 S.W.2d 4, 6 (Mo.banc 1985). Section 508.040 is a specific venue statute that governs a case when the only defendant is a corporation. *See State ex rel. Ford Motor Co. v. Bacon*, 63 S.W.3d 641, 642 (Mo.banc 2002) (holding when only defendant is corporation, section 508.040 is

3. Plaintiff's tort suit alleged that Relator conducts business in Missouri by selling its product ("Flatbed Lift and Feeders") to dealers throughout the state. Plaintiff further alleged that while installing the "Flatbed" on a truck, "a fitting suddenly and unexpectedly failed and exploded, striking [him] in his eye causing permanent blindness."

4. In relevant part, section 508.040 provides: "Suits against corporations shall be commenced either in the county where the cause of action accrued ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business."

5. The pertinent parts of section 508.010 provide:

"Suits instituted by summons shall ... be brought:

. . . .

"(4) When all the defendants are nonresidents of the state, suit may be brought in any county in this state;

. . . .

"(6) In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties. . . ."

6. The legislature revamped the venue statutes, effective August 28, 2005. The legislature repealed the corporate venue statute (§ 508.040) and substantially amended the general venue statute (§ 508.010). Venue for torts first occurring in Missouri is now governed by section 508.010.4 which provides "venue shall be in the county where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action." Plaintiff filed this case on August 15, 2005; therefore, we use the 2000 version of the venue statutes. *See State ex rel. Private Nursing Service, Inc. v. Romines*, 130 S.W.3d 28, 29–30 (Mo.App.2004) (venue is determined at the time an action is brought or filed); *State ex rel. Budd Co. v. O'Malley*, 114 S.W.3d 266, 269 (Mo.App.2002) (if a petition is amended to add a party defendant, venue is determined at the time the pleading is amended).

relevant venue statute); *State ex rel. Bunker Resource v. Dierker,* 955 S.W.2d 931, 933 (Mo.banc 1997) (holding section 508.040 controls when corporation is sole defendant); *State ex rel. Coca Cola v. Gaertner,* 681 S.W.2d 445, 447 (Mo.banc 1984) (holding section 508.040 applies when a corporation is the sole defendant and section 508.010 applies only when there are individual as well as corporate defendants) (overruled on other grounds by *State ex rel. DePaul Health Ctr. v. Mummert,* 870 S.W.2d 820, 822 (Mo.banc 1994)); *State ex rel. Dick Proctor Imports, Inc. v. Gaertner,* 671 S.W.2d 273, 274 (Mo.banc 1984) (holding when all defendants are corporations, section 508.040 applies).[7] As demonstrated by these cases, the specific corporation venue statute (§ 508.040) trumps the general venue statute (§ 508.010). *Kinder,* 698 S.W.2d at 6.

Guided by this principle and the plain language of section 508.040, we find that the only possible venue for Plaintiff's suit in state court is Dade County, i.e., "where the cause of action accrued." *See* n. 4. This follows because Relator had no "office or agent [in Missouri] for the transaction of their usual and customary business." *Id.* In sum, we hold that section 508.040 governs this case and Respondent exceeded his authority when he overruled Relator's timely filed change of venue motion and kept the case in Greene County.

In so ruling, this court has not ignored *State ex rel. England v. Koehr,* 849 S.W.2d 168 (Mo.App.1993), nor have we ignored the language from that case Respondent relied on in making his decision. Specifically, we refer to this excerpt from *England:*

"Respondent [plaintiff] asserts that it is unfair to allow a foreign corporation to evade the registration laws of the state and escape being sued in the county where it does business. That may well be true. In [*State ex rel. Bowden v. Jensen,* 359 S.W.2d 343 (Mo.banc 1962)] the court held that venue was not proper in the county where the foreign *registered* corporation was maintaining an office for the conduct of its business. The rationale did not have to do with the effect on the foreign corporation but upon the impact on the individual defendant. Punishing the foreign corporation for violation of the registration laws by imposing an otherwise invalid venue on the individual defendant is not within the rationale of *Bowden.* Punishment for such violation is covered by § 351.635. Under the rationale of *Bowden* the individual defendant may object to the venue even though the corporate defendant cannot."

*Id.* at 169.

We need not and do not attempt to decipher what the *England* court meant when it said that an unregistered foreign "corporate defendant" cannot object to venue. Such an effort is unnecessary because the *England* court was dealing *exclusively* with a section 508.010 issue, not a section 508.040 case such as this. Specifically, section 508.010(3) was at issue in *England* because there were multiple defendants, one of whom was an individual who lived in Missouri and the other a foreign corporation which had not registered in Missouri.[8] Because disparate

---

7. *Bunker Resource, Coca Cola,* and *Dick Proctor* involved earlier versions of section 508.040 identical to the 2000 version.

8. The provision at issue in *England* provided: "Suits instituted by summons shall ... be brought:

. . . .

"(3) When there are several defendants, some residents and others nonresidents of the state, suit may be brought in any county in this state in which any defendant resides." § 508.010(3) (RSMo 1986).

facts implicated different statutes, the *England* case and its language are inapposite here. Since section 508.040 controls venue in this case, Respondent's reliance on *England* is misplaced.

We issue a peremptory writ of prohibition forbidding any further action to be taken by Respondent in Greene County, except to transfer the case to Dade County.

GARRISON and BARNEY, JJ., concur.