**STATE of Missouri ex rel. Kent HARNESS, Relator,**

v.

**Hon. Thomas C. GRADY, Respondent.**

**No. ED 87819.**

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

Aug. 29, 2006.

Jeffrey J. Brinker, Aaron I. Mandel, Clayton, MO, for appellant.

Spencer E. Farris, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The relator, Kent Harness, filed a petition for a writ of prohibition to require the respondent judge to transfer the underlying personal-injury action to the Circuit Court of Clark County, Missouri. Because we find the judge exceeded his jurisdiction in denying the relator's motion to transfer for improper venue, our preliminary order in prohibition is made absolute, and the circuit court is directed to transfer the case to the proper venue.

*Facts*

The plaintiff, Kenneth Sanders, filed suit against the relator in the Circuit Court of the City of St. Louis for personal injuries the plaintiff alleges he suffered in an accident involving a tractor operated by the relator on the relator's property in Clark County, Missouri. The plaintiff's petition alleges that both the plaintiff and relator are Iowa residents, and venue is therefore proper in St. Louis City pursuant to section 508.010 RSMo. (2000).[1] The relator

1. All statutory references are to RSMo.2000 except as otherwise indicated. Section 508.010 was repealed and replaced with a new section 508.010 RSMo. (Supp.2005). H.B. 393, 93rd Gen. Assem., 1st Reg. Sess. (Mo.2005). Repeal of former section 508.010 and its replacement with new section 508.010 RSMo. (Supp.2005) took effect August 28, 2005, ninety days after adjournment of the legislative session in which H.B. 393 was enacted. Mo. Const. art. III, sec. 29. The new section 508.010 RSMo. (Supp.2005) expressly applies to actions filed after August 28, 2005. H.B. 393, sec. 2. The plaintiff in this case filed suit on July 22, 2005, so the

filed a motion to transfer for improper venue. In affidavits filed in support of his motion, the relator stated that his residence is located in Grant Township, Clark County, Missouri, approximately one mile from the Missouri–Iowa border, even though his mailing address is on a Farmington, Iowa rural route. The relator provided his Missouri driver's license, voter-registration card from the Clark County Board of Elections, and a published map of Grant Township with the location of the defendant's residence, as well as the residences of Grant Township's other inhabitants, identified thereon. The respondent denied the relator's motion on the basis that the relator "*votes* in Iowa, among other averments." [2]

The relator filed a petition for a writ of prohibition, suggestions in support, and exhibits. The plaintiff filed suggestions in opposition and an answer on behalf of the respondent. This Court entered a preliminary order in prohibition.

### Analysis

A writ of prohibition is not issued as a matter of right; rather, whether a writ should be issued in a particular case is left to the sound discretion of the court in which the petition has been filed. *State ex rel. Linthicum v. Calvin,* 57 S.W.3d 855, 856–57 (Mo. banc 2001); *State ex rel. Director of Revenue v. Ash,* 173 S.W.3d 388, 389 (Mo.App. E.D.2005). We will issue a writ of prohibition only to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power. *State ex rel. Green v. Neill,* 127 S.W.3d 677, 678 (Mo. banc 2004); *State ex rel. BJC Health*

*System v. Neill,* 86 S.W.3d 138, 140 (Mo. App. E.D.2002).

"Venue is a designation of the location or geographical situs where the court has jurisdiction to act in a particular lawsuit." *State ex rel. Rothermich v. Gallagher,* 816 S.W.2d 194, 196 (Mo. banc 1991). Improper venue is a fundamental defect, and a court that acts when venue is improper acts in excess of its jurisdiction. *Green,* 127 S.W.3d at 678. Prohibition lies to bar the trial court from taking any further action other than to transfer the case to a proper venue. *Id.*

Venue is determined solely by statute. *Linthicum,* 57 S.W.3d at 857. Section 508.010(1) provides that, except as otherwise provided by law, when the defendant is a Missouri resident, a suit shall be brought either in the county in which the defendant resides, or in the county in which the plaintiff resides and the defendant may be found. Section 508.010(4) provides that when all defendants are nonresidents of Missouri, suit may be brought in any county in the state. Section 508.010(6) provides that in tort actions, suit may be brought in the county where the cause of action accrued. When venue is challenged, the plaintiff has the burden of showing that venue is proper. *Igoe v. Dep't of Labor & Indus. Relations,* 152 S.W.3d 284, 288 (Mo. banc 2005). A plaintiff who faces a venue challenge must make allegations that bring the claim within an appropriate statutory venue provision. *Id.* at 289.

In this case, the plaintiff sought to establish venue based on section 508.010(4) by alleging that the relator is an Iowa

---

former venue statute found at section 508.010 RSMo. (2000) applies.

**2.** The basis for this assertion appears to be that the church the Clark County Board of

Elections designated as the relator's voting place also has a mailing address on a rural route served by the Farmington, Iowa post office.

resident. The relator filed a motion to transfer for improper venue pursuant to Rule 51.045(a). The relator denied he is an Iowa resident and provided affidavits and evidence indicating that he resides in Clark County, Missouri. The plaintiff filed a reply, but countered only that the relator has an Iowa mailing address and thus must be an Iowa resident. The plaintiff made no other allegations and proffered no other evidence that the relator is an Iowa resident, such that venue would be proper in St. Louis City pursuant to section 508.010(4). Furthermore, Rule 51.045(b) provides that if a reply is filed, the court shall determine the issue. The respondent denied the relator's motion to transfer venue, apparently because the relator's home and voting place are located on a rural route served by the Farmington, Iowa post office and despite the evidence of their geographic location in Clark County, Missouri. The respondent did not determine the relator's place of residence, which is the issue to be determined.

Section 508.010(1) clearly provides that when the defendant is a Missouri resident, suit shall be brought either in the county in which the defendant resides, or in the county in which the plaintiff resides and the defendant may be found. Alternatively, in tort actions such as this one, suit may be brought in the county where the cause of action accrued. Section 508.010(6).[3] Here, the plaintiff alleges that he is a resident of Iowa and that he was injured on the relator's property in Clark County, Missouri. The relator's motion and supporting affidavits and evidence show the relator to be a resident of Clark County, Missouri. The plaintiff failed to make any allegations or proffer any evidence showing that the relator is an Iowa

resident, other than to argue that the relator's mailing address should be determinative. Thus, the plaintiff failed to carry his burden of showing that venue was proper in St. Louis City pursuant to section 508.010(4). The respondent failed to determine the relator's place of residence, but denied the motion apparently because of the mailing addresses of the relator's home and voting place. In these circumstances, venue is proper in Clark County, Missouri pursuant to section 508.010 and is not proper in St. Louis City. The circuit court acted in excess of its jurisdiction when it denied the relator's motion to transfer for improper venue.

Accordingly, our preliminary order is made absolute, and we direct the respondent to take no further action in this case other than to order the case transferred to the Circuit Court of Clark County, Missouri.[4]

BOOKER T. SHAW, C.J., and ROBERT G. DOWD, JR., J., concur.

---

3. New section 508.010.4 RSMo. (Supp.2005) provides that, notwithstanding any other provision of law, in any action alleging a tort in which the plaintiff was first injured in Missouri, venue *shall* be in the county where the plaintiff was first injured.

4. The respondent's motion for an extension of time is granted.