Thomas SCHWALM, Respondent,

v.

Lori SCHWALM, Appellant.

No. ED 87829.

Missouri Court of Appeals, Eastern District, Division Four.

March 20, 2007.

Mary Ann Weems, Clayton, MO, for appellant.

Michael A. Turken, Deborah Jean Tomich, St. Charles, MO, for respondent.

ROY L. RICHTER, Presiding Judge.

Lori Schwalm ("Wife") appeals the trial court's judgment granting a full order of protection brought pursuant to the Adult Abuse Act, Sections 455.005 through 455.090 RSMo Cum.Supp.2004[1] by Thomas Schwalm ("Husband"). We reverse.

## I. BACKGROUND

During the pendency of the parties' dissolution of marriage action, Husband filed a petition seeking an order of protection against Wife contending that she knocked on his door, followed him in her car and "hung around" his work. Based on the allegations made in this petition, the trial court entered an ex parte order of protection.

At a hearing, Husband and Wife testified regarding the allegations in Husband's petition. As the sufficiency of the evidence is in dispute, this testimony will be discussed in detail below.

The trial court entered a full order of protection against Wife upon a finding of stalking. Wife appeals.

## II. DISCUSSION

Review of a judge-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's judgment will be upheld unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Id.* We defer to the trial court's determinations of credibility and consider facts and inferences supporting the judg-

---

1. All further statutory references are to RSMo Cum.Supp.2004 unless otherwise indicated.

ment. *Vinson v. Adams,* 192 S.W.3d 492, 494 (Mo.App. E.D.2006). Courts must take great care to ensure the existence of sufficient evidence to support all elements of the Adult Abuse Act before entering a full order of protection. *McGrath v. Bowen,* 192 S.W.3d 515, 517 (Mo.App. E.D. 2006).

In her first point, Wife challenges the sufficiency of the evidence to support the trial court's issuing an order of protection based on stalking. Specifically, Wife contends Husband failed to prove a necessary element of stalking, that Wife had engaged in a course of conduct that caused alarm to Husband. We agree.

Any adult who has been a victim of stalking may request relief by filing a verified petition under the Adult Abuse Act. Section 455.020.1 RSMo 2000. The term stalking is defined as "when an adult purposely and repeatedly engages in an unwanted course of conduct that causes alarm to another person when it is reasonable in that person's situation to have been alarmed by the conduct." Section 455.010(10). Course of conduct is a "pattern of conduct composed of repeated acts over a period of time, however short that serves no legitimate purpose." Section 455.010(10)(a). An activity with a legitimate purpose is one that is "lawful, or is allowed." *Vinson v. Adams,* 188 S.W.3d 461, 464 (Mo.App. E.D.2006) (quoting *Overstreet v. Kixmiller,* 120 S.W.3d 257, 258 (Mo.App. E.D.2003)). Two or more acts "evidencing a continuity of purpose" qualify as repeated conduct. Section 455.010(10)(b). In addition, alarm is defined as causing "fear of danger of physical harm." Section 455.010(10)(c). Moreover, plaintiff must prove an allegation of stalking by a preponderance of the evidence to receive a full order of protection. Section 455.040.1 RSMo Cum.Supp.2001.

Here, the conduct described at trial does not constitute stalking in that Husband did not allege, much less prove, fear of danger of physical harm at the hands of Wife. Viewed in the light most favorable to the trial court's judgment, the evidence presented through Husband and Wife's testimony is as follows. The evidence showed that Wife knocked on Husband's door multiple times and left the premises peaceably when Husband refused to answer. Further, Wife once blocked Husband's vehicle in a parking lot but moved when requested, followed him to work on occasion and approached him at a gas station. When asked on direct examination whether Wife ever made threats to him, Husband stated under oath that she had not. At his attorney's prompting, Husband simply affirmed that Wife's conduct caused him "alarm."

While the statutory definition of stalking requires alarm, a plaintiff is required to do more than simply assert a bare answer of "yes" when asked if he was alarmed. A plaintiff must show that a defendant's conduct caused him fear of danger of physical harm as stated in the statutory definition of alarm. *See* Section 455.010(10)(c). Here, Husband has provided no proof of such fear. Husband proffered no evidence of any physical altercations or other events that would suggest Wife's conduct caused him fear of danger of physical harm. More importantly, Husband failed to testify that he was afraid of Wife and, specifically, afraid of physical harm. Therefore, there was no substantial evidence to support the trial court's judgment granting a full order of protection based on stalking. Point granted.

### III. CONCLUSION

The judgment is reversed.

KATHIANNE KNAUP CRANE and SHERRI B. SULLIVAN, JJ., Concur.