v.

**MISSOURI BOARD OF PROBATION AND PAROLE, Respondent.**

**No. WD 67608.**

Missouri Court of Appeals, Western District.

Oct. 9, 2007.

Before LOWENSTEIN, P.J., SMART and HARDWICK, JJ.

1. Pursuant to Section 566.226.1, RSMo Supp.

*ORDER*

**M.R.[1], Respondent,**

v.

**S.R., Appellant.**

**No. WD 67971.**

Missouri Court of Appeals, Western District.

Oct. 16, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 2007.

2008, we conceal the identity of the parties.

Michael Martin Spiegel, Blue Springs, for Appellant.

James Anthony Fluker, North Kansas City, for Respondent.

PAUL M. SPINDEN, Judge.

S.R. appeals the circuit court's judgment in which it entered a full order of protection against him, pursuant to the Adult Abuse Act, Section Section 455.005 to 455.085.[2] The circuit court prohibited S.R. from contacting or communicating with M.R. S.R. challenged the circuit court's

---

2. Unless otherwise indicated, all citations to statutes refer to the 2000 Revised Statutes.

venue, and venue is his primary focus in this appeal.

Although S.R. and M.R. jointly owned a house in Blue Springs in Jackson County as a married couple, M.R. claimed that venue was in Platte County because she was residing with her parents in Parkville in Platte County when she sought the circuit court's protective order during November 2006. M.R. had moved to her parents' house during August 2006 after S.R. had kept her from leaving the marital house in Blue Springs for two days in retaliation to her having a sexual affair. Although she began staying frequently at her parents' house, she continued to live in the house in Blue Springs, too.

In petitioning Platte County's circuit court for an order to prohibit S.R. from contacting or communicating with her, M.R. alleged that she was the victim of numerous acts of abuse and stalking by S.R. Before the circuit court considered her petition on December 12, 2006, it considered and denied S.R.'s oral motion to dismiss for lack of proper venue after M.R. testified that she was residing at her parents' house. The circuit court then considered the merits of M.R.'s claim and, at the conclusion of the evidence, entered an order prohibiting S.R. from contacting or communicating with M.R.

█ In appealing the circuit court's order, S.R. asserts that the circuit court erred in overruling his motion to dismiss

on the ground that the court lacked proper venue because the record established that M.R. did not reside in Platte County.[3] S.R. argues that M.R. did not present evidence of her intention to remain permanently in Platte County and, therefore, the circuit court erroneously concluded that she resided in Platte County.

█ In Missouri, the statutes govern venue. *Quest Communications Corporation v. Baldridge*, 913 S.W.2d 366, 369 (Mo.App.1996). When a party moves to dismiss or to transfer the case on the basis of venue, the plaintiff has the burden of showing that venue is proper. *State ex rel. Harness v. Grady*, 201 S.W.3d 48, 50 (Mo.App.2006). Chapter 508 of the Revised Statutes normally governs venue, but a more specific venue statute will trump those general provisions. *State ex rel. Harper Industries, Inc. v. Sweeney*, 190 S.W.3d 541, 543 (Mo.App.2006).

M.R. sought to establish that Platte County was the appropriate venue on the basis of Section 455.015, which was enacted as part of the Adult Abuse Act. Section 455.015 says, "The petition [seeking a protective order] shall be filed in the county where the petitioner resides, where the alleged incident of abuse occurred, or where the respondent may be served." The parties agree that the alleged incidents of abuse did not occur in Platte County and that S.R. was not subject to service of process in Platte County.

**3.** That S.R. can challenge the circuit court's venue decision post-trial on appeal seems to be contrary to the purpose of venue enunciated by the courts: to assure him a convenient forum in which to defend against M.R.'s allegations. *DePaul Health Ctr. v. Mummert*, 870 S.W.2d 820, 822 (Mo. banc 1994). That his aim is to achieve a retrial in a different forum seems to be the antithesis of convenience—for him and for the judiciary. Although the Supreme Court has described an extraordinary writ as "the appropriate remedy" for a venue

challenge, *Riordan v. Dierker*, 956 S.W.2d 258, 260 (Mo. banc 1997), courts of this state have declared that a defendant does not waive venue by proceeding to trial and defending on the merits. This court's Eastern District, without analysis or explanation, has declared explicitly that a party does not waive venue by not seeking an extraordinary writ and challenging the circuit court's venue decision on appeal. *Carey v. Pulitzer Pub. Co.*, 859 S.W.2d 851, 854 (Mo.App.1993).

Hence, the only way for M.R. to establish venue in Platte County under Section 455.015 was to show that, when she filed her petition, she resided in Platte County.

■ The General Assembly did not define "reside" in Section 455.015; hence, we must apply the plain and ordinary meaning of the term as found in a dictionary. *In re Care and Treatment of Coffman*, 225 S.W.3d 439, 444 (Mo. banc.2007). BLACK's LAW DICTIONARY defines "reside" as "[t]o settle oneself or a thing in a place to be stationed, to remain or stay, to dwell permanently or continuously, to have a settled abode for a time, *to have one's residence or domicile; specifically, to be in residence[.]*" BLACK'S LAW DICTIONARY 1308 (6th ed.1990) (emphasis added). Under this definition, M.R. resided in the county in which she either was domiciled or had a residence.

S.R. confuses "residence" with "domicile." By arguing that venue was improper because the circuit court did not hear evidence that M.R. intended to make Platte County her fixed and permanent residence, S.R. is seeking to require that M.R. show domicile. The statute did not require domicile—only residence. This court explained the difference between the terms:

> As domicile and residence are usually in the same place, they are frequently used as if they had the same meaning, but they are not identical terms, for a person may have two places of residence, as in the city and country, but only one domicile. Residence means living in a particular locality, but domicile means living in that locality with intent to make it a fixed and permanent home. Residence simply requires bodily presence as an inhabitant in a given place, while domicile requires bodily presence in that place and also an intention to make it one's domicile. Residence is not synon-ymous with domicile, though the two terms are closely related; a person may have only one legal domicile at one time, but he may have more than one residence.

*Pruitt v. Farmers Insurance Co., Inc.*, 950 S.W.2d 659, 663 (Mo.App.1997) (*quoting* BLACK'S LAW DICTIONARY 1306 (6th ed.1990)).

The circuit court heard evidence that M.R. was living with her parents and that she planned to remain there until her legal problems with her husband were resolved. This evidence was enough to establish that she was residing in Parkville.

S.R. does not refute this evidence. Rather, he points to other evidence in the record that established that M.R. also lived at her house in Blue Springs and notes that the circuit court heard no evidence that M.R. intended to make her parents' house her fixed and permanent home. This is of little significance in this case because a person can have more than one residence. S.R. may be correct that M.R. had a residence in Jackson County, but this fact did not prevent her from also having a residence in Platte County. Furthermore, this lack would prove only that it was not her domicile. It would be irrelevant concerning her residence.

■ In his second point, S.R. asserts that the judgment of the circuit court, granting M.R. a full order of protection against him, was against the weight of the evidence because the circuit court did not have evidence establishing that he abused or stalked her. We review this claim by applying the same standard as we apply in any other judged-tried case: We will affirm the circuit court's judgment unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Schwalm v. Schwalm*, 217 S.W.3d 335, 336

(Mo.App.2007). " 'Substantial evidence is competent evidence from which the trier of fact could reasonably decide the case.' " *Vinson v. Adams,* 188 S.W.3d 461, 464 (Mo.App.2006) (citation omitted). We defer to the circuit court's credibility determinations, and we view all facts and inferences in a light most favorable to the judgment. *Schwalm,* 217 S.W.3d at 336–37.

Section 455.020.1 provides relief for any adult who has been subjected to "abuse by a present or former adult family or household member, or who has been a victim of stalking." M.R.'s petition accused S.R. of abusing and stalking her. For us to reverse the circuit court's judgment, S.R. would have to establish that the record does not support a finding that he either abused or stalked M.R. The evidence supports a finding that S.R. abused M.R. This was sufficient to justify the circuit court's grant of a full order of protection.

According to Section 455.010(1), abuse includes, but is not limited to, the occurrence of assault, battery, coercion, harassment, sexual assault, and unlawful imprisonment. M.R.'s petition accused S.R. of abusing her by unlawfully imprisoning her. Section Section 455.010(1)(f) defines "unlawful imprisonment" as "holding, confining, detaining or abducting another person against that person's will[.]"

M.R. testified that, during August 2006, after she told S.R. that she was having a sexual affair, he confined her in their house, refusing to let her leave the premises for two days. She said that he would not allow her to make any phone calls during this period and would not let her use the bathroom without following her into the bathroom. The circuit court was free to believe M.R.'s testimony. *Schwalm,* 217 S.W.3d at 336. If believed, this was sufficient evidence to establish that S.R. had unlawfully imprisoned her.

S.R. does not deny that M.R. testified that these acts occurred. He points instead to his own testimony in which he testified that, during this same period, they went to a police station to make a joint report and that M.R. never mentioned the incident to police. He asserts that M.R.'s fabrication, therefore, should have been obvious to the circuit court. We are obligated, however, to defer to the circuit court's credibility determinations and must view the evidence in a light most favorable to the circuit court's judgment. *Id.* The circuit court was free to believe M.R.'s testimony. That S.R. finds her testimony incredible is irrelevant. S.R. makes no other argument that the record did not support a finding of unlawful imprisonment and makes no argument that this alone would not support a finding of abuse, justifying a full order of protection. As such, his claim must fail.

S.R. makes other arguments that evidence did not support a conclusion that he stalked or harassed M.R. Because a finding of unlawful imprisonment was enough to establish abuse pursuant to Section 455.010(1) and justified the circuit court's issuing an order of protection pursuant to Section 455.040, we need not address these arguments.

We, therefore, affirm the circuit court's judgment.

THOMAS H. NEWTON, Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.