240 S.W.3d 172 (2007)
STATE of Missouri ex rel. The GRAND RIVER HEALTH SYSTEM CORPORATION d/b/a Hedrick Medical Center; Gregory Sensenich, D.O.; Cal Greenlaw, M.D.; Jack Bridges, M.D.; Amy Harris, R.N.; Debbie Kramer, R.N., Relators,
v.
The Honorable J.D. WILLIAMSON, Judge of the Circuit Court of Jackson County, Missouri, Respondent.
No. WD 68126.
Missouri Court of Appeals, Western District.
October 30, 2007.
Motion for Rehearing and/or Transfer Denied December 18, 2007.
*173 Before: PATRICIA A. BRECKENRIDGE, P.J.[1], PAUL M. SPINDEN, and THOMAS H. NEWTON, JJ.
Motion for Rehearing and/or Transfer to Supreme Court Denied December 18, 2007.
THOMAS H. NEWTON, Judge.

Factual Background
Relators, The Grand River Health System Corporation, d/b/a Hendrick Medical Center; Gregory Sensenich, D.O.; Cal Greenlaw, M.D.; Jack Bridges, M.D.; Amy Harris, R.N.; and Debbie Kramer, R.N. (Relators), seek a writ of prohibition against Respondent, J.D. Williamson, Circuit Court Judge of Jackson County (Respondent).
In August 2005, the Plaintiffs filed a medical malpractice lawsuit against the Relators in the Circuit Court of Jackson County. Venue in Jackson County was based on the claims against two of the Defendants, Children's Mercy Hospital and Gregory W. Horning, M.D., who reside in Jackson County. On February 23, 2006, the Plaintiffs voluntarily dismissed them from the lawsuit, without prejudice.
On July 18, 2006, Relator Gregory Sensenich, D.O., filed a Motion to Transfer *174 Venue pursuant to Rule 51.045, or in the alternative, Motion to Dismiss, which was subsequently adopted by the remaining Defendants, alleging venue was improper in Jackson County because none of the remaining Defendants reside or may be found in Jackson County. On August 18, 2006, Plaintiffs filed the Reply and Suggestions in Opposition to the Motion to Transfer Venue (the Reply).
On September 22, 2006, the trial court entered an order transferring venue from Jackson County to Livingston County. Later, the trial court discovered that the Jackson County Department of Civil Records had not supplied the judge with the Reply by Plaintiffs, and the trial court granted the transfer in the mistaken belief that the motion was unopposed. After learning about the misplaced pleading, on October 25, 2006, the trial court set aside the September 22, 2006 order and denied transfer of venue.
The Relators filed a Joint Motion Seeking Compliance with the Transfer Order, and it was denied. This writ of prohibition was filed to preclude Respondent from taking any further action in this case except to transfer the case to Livingston County. An amended preliminary order in prohibition was issued on April 3, 2007.

Standard of Review
A writ of prohibition is appropriate when there is "a clear excess of jurisdiction or abuse of discretion such that the lower court lacks the power to act as contemplated." State ex rel. Chassaing v. Mummert, 887 S.W.2d 573, 577 (Mo. banc 1994). A writ of prohibition is an appropriate remedy when a court fails to transfer a case when venue is improper. State ex rel. Green v. Neill, 127 S.W.3d 677, 678 (Mo. banc 2004).

Legal Analysis
The Relators argue that an order to transfer venue cannot be withdrawn once entered unless consented to by all parties. They rely on Rule 51.13,[2] which states "[a] court which has granted a change of venue shall have the power to annul the order, with consent of the parties, at any time before the papers or transcript are filed in the court to which the venue was changed." Plaintiffs argue that Rule 51.13 has no applicability in this case, because the order was invalid. According to Plaintiffs, the trial court's failure to consider their response invalidates the order because it violates their rights to due process, to equal protection, and to access the courts.
Although Plaintiffs' reply was not considered before the order to transfer venue was entered, Plaintiffs' right to access the court was not violated because the reply was untimely filed. Rule 51.045(b) provides in part: "Within thirty days after the filing of a motion to transfer for improper venue, an opposing party may file a reply." In this case, the Motion to Transfer Venue was filed on July 18, 2006;[3] Plaintiff's reply was due within thirty days of July 18, 2006. However, Plaintiffs filed the reply on August 18, 2006, one day late as Plaintiffs concedes. Therefore, due to the untimeliness of the Plaintiffs' response, *175 the September 22, 2006 order to transfer venue was not invalid and did not deprive Plaintiffs of due process.
A trial court has no authority to proceed in a case after it enters a valid order to transfer venue but may effect the transfer. State ex rel. Leigh v. Dierker, 974 S.W.2d 505, 506 (Mo. banc 1998). It cannot recall the case except as provided in Rule 51.13. State ex rel. Peabody Coal Co. v. Powell, 574 S.W.2d 423, 425 (Mo. banc 1978). In the instant case, Relator-Defendant Gregory Sensenich, D.O., did not consent to the withdrawal of the original order to transfer venue. Therefore, the trial court had no authority to vacate the order to transfer venue.
The writ is made absolute.
PATRICIA A. BRECKENRIDGE, P.J. and PAUL M. SPINDEN, J. concur.
NOTES
[1] Breckenridge, J., was a member of this court at the time the case was argued and submitted. She was subsequently appointed a judge of the Supreme Court of Missouri but has been reassigned to this court as a special judge for the purpose of disposition of this case.
[2] Rule references are to Missouri Rules of Civil Procedure (2006).
[3] Plaintiffs also argue that the other defendants filed a motion to transfer for improper venue on August 4, which makes the August 18, 2006 response timely. Even though plaintiffs argue that their response applies to both and is essentially timely to the August 4 motion, plaintiffs' August 18, 2006 response expressly states that it was a response only to Gregory Sensenich's motion and cannot be applied to the August 4 motion filed by the other defendants.