STATE EX REL. Semsa
SELIMANOVIC, et
al., Relators,

v.

The Honorable Robert DIERKER,
Jr., Respondent.

No. SC 88697.

Supreme Court of Missouri,
En Banc.

March 18, 2008.

Ted F. Frapolli, St. Louis, for Relator.

R.C. Wuestling, M. Adina Johnson, St. Louis, for Respondent.

RICHARD B. TEITELMAN, Judge.

Section 508.010, RSMo Supp.2005, provides that the proper venue in tort actions is the county in which the plaintiff was "first injured." The issue in this case is one of first impression and requires a determination of whether proper venue for a legal malpractice case based upon an alleged failure to file a lawsuit prior to the expiration of the statute of limitations lies in the county where the attorney's office is located or in the county in which the lawsuit would have been filed. This Court

issued a preliminary order in prohibition barring the circuit court of the City of St. Louis from transferring the case to the circuit court of St. Louis County. The preliminary order is made absolute.

## FACTS

Attorney Daniel Finney, Jr., was hired to file a wrongful death action on behalf of the heirs of Serif Selimanovic, who was killed in a workplace accident in St. Louis County. Finney allegedly failed to file the suit prior to expiration of the statute of limitations. Plaintiffs filed the underlying legal malpractice action in the circuit court of the City of St. Louis.

Finney filed a motion for transfer of venue, which· was supported by his claim that Plaintiffs were "first injured" in St. Louis County because that is where Finney maintained his law office. The circuit court sustained Finney's motion to transfer venue to St. Louis County, but stayed the transfer to allow Plaintiffs to file a writ petition. In the venue order, the circuit court acknowledged that the underlying wrongful death action could have been filed in the City of St. Louis because the decedent's supervisor resided in St. Louis. Plaintiffs then filed the writ petition now at issue, arguing that they were first injured in the City of St. Louis because Finney's failure to timely file suit deprived them of a judgment that would have been rendered in the City of St. Louis.

## ANALYSIS

Prohibition is a discretionary writ that only issues "to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power." *State ex rel. Linthicum v. Calvin,* 57 S.W.3d 855, 857 (Mo. banc 2001). Improper venue is a fundamental defect, and a court that acts when venue is improper acts in excess of its jurisdiction. *State ex rel. Green v. Neill,* 127 S.W.3d 677, 678 (Mo. banc 2004). Consequently, a writ of prohibition can be issued to prevent the trial court from taking any further action other than to transfer the case to a proper venue. *Id.* When venue is improper, prohibition lies to bar the trial court from taking any further action, except to transfer the case to a proper venue. *State ex rel. McDonald's Corp. v. Midkiff,* 226 S.W.3d 119, 122 (Mo. banc 2007).

Venue is determined solely by statute. *Linthicum,* 57 S.W.3d at 857. When interpreting a statute, the primary rule is to give effect to legislative intent as reflected in the plain language of the statute. *State ex rel. Burns v. Whittington,* 219 S.W.3d 224, 225 (Mo. banc 2007).

There are two pertinent venue statutes that resolve the issue in this case. The first is section 508.010.4,[1] which provides as follows:

> Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was *first injured* in the State of Missouri, venue shall be in the county where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action. (Emphasis added).

The second statute is section 508.010.14, which defines the concept of first injury by providing that "[a] plaintiff is considered first injured where the trauma or exposure occurred rather than where symptoms are first manifested."

When read together, sections 508.010.4 and 508.010.14 require a determination of where the plaintiff was "first injured," which, in turn, requires a determination of where the "trauma or exposure occurred." Section 508.010 does not define

---

1. Unless otherwise indicated, all statutory references are to RSMo Supp.2005.

the term "exposure," but the plain language definition of the term includes the "condition of being subject to some effect" and "the condition of being subject to financial loss." WEBSTER'S DICTIONARY (2007). In order to prevail on the legal malpractice action, Plaintiffs had to show the existence of an attorney-client relationship, negligence by the attorney, and that but for this negligence, Plaintiffs would have prevailed on their cause of action. *Klemme v. Best,* 941 S.W.2d 493, 495 (Mo. banc 1997). Thus, the injury sought to be redressed by the malpractice action is the financial loss from the lack of an enforceable judgment. That judgment could have been rendered in either the circuit court of the City of St. Louis or in the circuit court of St. Louis County. Under the facts of this case and the plain language of the venue statutes, Plaintiffs were "first injured" in those venues in which the wrongful death action could have been filed. A trial court is without discretion to disturb a plaintiff's choice of proper venue. *State ex rel. Palmer by Palmer v. Goeke,* 8 S.W.3d 193, 196 (Mo.App.1999). Therefore, the circuit court abused its discretion in ordering the transfer of Plaintiffs' case from the circuit court of the City of St. Louis, which was proper venue for Plaintiffs' legal malpractice action.

The preliminary order in prohibition is made absolute.

All concur.