**STATE of Missouri ex rel. BANK OF AMERICA N.A. d/b/a U.S. Trust, Carol G. Jones, Laura Jones Reichman, Wendy Jones Magid, Cindy G. Bennett, and David R. Jones, Relators,**

v.

**The Honorable James F. KANATZAR, Judge of the Circuit Court of Jackson County, Respondent.**

Nos. WD 76371, WD 76374.

Missouri Court of Appeals, Western District.

Oct. 29, 2013.

Richard B. Walsh, Jr. and Derick C. Albers, St. Louis, MO, for relators Jones, Reichman, Magid, Bennett and Jones.

Jeffrey S. Russell and Kimberly A. Mohr, St. Louis, MO, for relator Bank of America.

Michael W. Blanton, Evergreen, CO, for respondent.

Before Writ Division: GARY D. WITT, Presiding Judge, JAMES E. WELSH, Chief Judge and KAREN KING MITCHELL, Judge.

## ORIGINAL PROCEEDING
## IN PROHIBITION

This writ arises from a declaratory action regarding the administration of two related trusts. Relator Bank of America, N.A., D/B/A U.S. Trust ("Bank"), and Relators Carol G. Jones ("Jones"), Laura Jones Reichman, Wendy Jones Magid, Cindy G. Bennett, and David R. Jones (collectively, "Individual Defendants") each filed a petition for a writ of prohibition and/or mandamus to require trial Judge James F. Kanatzar ("Respondent") to transfer venue in the underlying action. After issuing preliminary orders on each of the two petitions, we consolidated the matter (collectively, petitioners are "Rela-

tors"). Because we find no grounds for venue regarding an action on these trusts in Jackson County based solely on the fact that Bank does business in Jackson County, the preliminary order in prohibition is made absolute, thus requiring transfer to the probate division of the Circuit Court of St. Louis City.

## Factual and Procedural History

On January 13, 2013, Richard H. Goldstein ("Goldstein") filed an action for declaratory judgment against Relators for construction of two separate but related trusts pursuant to Rule 87.02.[1] Bank is the corporate trustee of the Richard H. Goldstein Irrevocable Trust ("RHG Trust"), which was created under the terms of the Samuel R. Goldstein Living Trust ("SRG Trust"). Jones is Goldstein's sister as well as the trustee and beneficiary of the SRG Trust. The remaining Individual Defendants are Jones' children, who are beneficiaries under the SRG Trust, and are contingent remainder beneficiaries under the RHG Trust. Goldstein is a beneficiary of the RHG Trust, and Jones is a remote remainder beneficiary of the RHG Trust.

Goldstein alleged a controversy in the scope and effect of an *in terrorem* provision in the SRG Trust.[2] He petitioned for a "declaration . . . to determine whether claims pertaining to construction, interpretation or other administration of the SRG and RHG Trusts would violate the *in terrorem* provision, thereby forfeiting his interests under the RHG Trust." He alleged that he is aware of conduct that

---

1. All rule references are to Missouri Court Rules (2013).

2. An *in terrorem* clause in a trust or will, is a clause which provides for the forfeiture of some or all of the benefits or bequests by any

beneficiary who brings a contest, lawsuit or legal challenge to the terms, provisions or administration of the trust or will. *Tobias v. Korman*, 141 S.W.3d 468, 477 (Mo.App. E.D. 2004).

constitutes "maladministration" of the two trusts.

As the issue is whether venue is proper in Jackson County, we note here where the parties reside and where the trusts are administered. Goldstein resides outside of Missouri. Jones, the trustee of the SRG Trust, resides in St. Louis County, as do two of the other Individual Defendants; the remaining two Individual Defendants reside outside of Missouri. Bank is the trustee of the RHG Trust, and as explained below, the records pertaining to that trust are located in St. Louis City, which is the principal place of the administration of that trust.

On March 18, 2013, Bank timely filed a motion to transfer for improper venue, seeking an order transferring the cause to the probate division of the Circuit Court of St. Louis City or in the alternative to the probate division of the Circuit Court of St. Louis County. On March 28, 2013, Individual Defendants joined Bank's motion to transfer to either of those two venues. Relators alleged that venue was not proper in Jackson County, asserting that under section 456.2–204 [3] of the Missouri Uniform Trust Code ("MUTC"), the exclusive forum for judicial proceedings involving trust administration is the probate division of the circuit court in the county in which the trust is registered or administered, which, as to the RHG Trust, is the Circuit Court of St. Louis City. As to the SRG Trust, although the record is clear that Jones is the trustee and that she resides in St. Louis County, there is no indication in the record before this court as to where the SRG Trust is administered.

In their motions seeking transfer for improper venue, Bank and Individual Defendants noted the distinction between the two trusts but referred to them collectively

as the "Trust." Specifically, Bank described the trusts as follows: "[Bank] is the corporate trustee of the Richard H. Goldstein Irrevocable Trust, created under the terms of the Samuel R. Goldstein Living Trust (the 'Trust')." Individual Defendants treated the trusts as follows: "Plaintiff ... seek[s] a declaration regarding the construction and effect of an *in terrorem* provision that applies to the Richard H. Goldstein Irrevocable Trust, created under the terms of the Samuel R. Goldstein Living Trust (collectively the 'Trust')." Although his petition separated the two trusts, in his reply to the motion to transfer in the trial court, Goldstein similarly described the trusts collectively: "This is a declaratory judgment action, filed under Rule 87.02, seeking construction of the Richard H. Goldstein Irrevocable Trust, created under the Samuel R. Goldstein Living Trust ('Trust')."

Included in Bank's motion below was an affidavit from John Lynn ("Lynn"), a senior vice president at Bank. Lynn swore that the principal place of administration of the "Trust" is Bank's St. Louis City office and that the records relating to the "Trust" are kept at Bank's St. Louis City office. Lynn's affidavit indicated that as to the "Trust," he reviews discretionary distribution requests from the beneficiary, manages the discretionary process internally, performs administrative reviews, monitors the accounts for sufficient liquidity, serves as primary point of contact for the beneficiary and/or the beneficiary's advisors and/or agents, and addresses questions and issues at the Bank's St. Louis City office.

On April 5, 2013, Goldstein filed his opposition to the motions. As noted above, in his reply to Relators' motions, Goldstein noted the distinction between the two related trusts, but he too referred to them

---

3. All statutory references are to RSMo (2000) as currently supplemented.

collectively as the "Trust." Goldstein argued that he did not move for construction of the Trust under the MUTC but rather under Rule 87.02, which he argued is an alternate method for obtaining relief regarding the construction of a trust. Accordingly, Goldstein argued that venue is determined by the general venue provisions of section 508.010. In support of his argument that venue is proper in Jackson County, Goldstein attached an affidavit from a witness who works in Jackson County and is aware of various offices of Bank located in that county. He made no argument concerning the locations of where the trusts were registered or administered. No additional facts were adduced connecting the trusts or the administration thereof to Jackson County.

Respondent denied transfer without any specific finding that a basis for venue existed in Jackson County. On April 30, 2013, Bank filed in this court a Petition for Writ of Prohibition and/or Mandamus with accompanying Suggestions, and on May 2, 2013, Individual Defendants filed a similar petition, asserting that venue is improper in Jackson County and asking this court to enter an order prohibiting Respondent from proceeding further on this action. As noted above, after having considered Relators' petitions and Respondent's suggestions in opposition, this court consolidated the cases and granted a Preliminary Writ of Prohibition prohibiting the Respondent from proceeding until further order of this court. For reasons set forth below, the preliminary writ is made permanent.

### Analysis

■ The issue in this case is which venue statute applies to this action. In support of their respective arguments, Relators rely on the specific venue statute from the MUTC, while Respondent relies on the general venue statute, section 508.010.

■ "The extraordinary remedy of a writ of prohibition is available: (1) to prevent the usurpation of judicial power when the trial court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted." *State ex rel. Mo. Pub. Defender Comm'n v. Waters*, 370 S.W.3d 592, 603 (Mo. banc 2012) (citation omitted). "An appellate court should employ prohibition when a circuit court has erroneously denied transfer . . . ." *State ex rel. Mo. Pub. Serv. Comm'n v. Joyce*, 258 S.W.3d 58, 60 (Mo. banc 2008). "If venue is improper where an action is brought, prohibition lies to bar the trial court from taking any further action, except to transfer the case to a proper venue." *State ex rel. Etter, Inc. v. Neill*, 70 S.W.3d 28, 32 (Mo.App. E.D.2002) (citation omitted).

■ "When a party moves to dismiss or to transfer the case on the basis of venue, the plaintiff has the burden of showing that venue is proper." *M.R. v. S.R.*, 238 S.W.3d 205, 207 (Mo.App. W.D. 2007) (citation omitted). *See also Igoe v. Dep't of Labor and Indus. Relations*, 152 S.W.3d 284, 289 (Mo. banc 2005) (holding that "[a] plaintiff who faces a challenge to venue *must* make allegations that bring his claim within an appropriate statutory venue provision") (emphasis added).[4] "Venue in Missouri is determined solely by

---

4. Although Goldstein points to authority indicating that the burden is on the party challenging venue to show that venue is improper, we are bound by the most recent controlling decision of the Supreme Court. *State v. Brightman*, 388 S.W.3d 192, 199 (Mo.App. W.D.2012). In *Igoe*, although the dissent noted authority from the courts of appeals indi-

statute." *State ex rel. McDonald's Corp. v. Midkiff*, 226 S.W.3d 119, 122 (Mo. banc 2007) (citation omitted). "Venue is within the province of the legislature, and a court must be guided by what the legislature says." *State ex rel. Bunker Res., Recycling and Reclamation, Inc. v. Dierker*, 955 S.W.2d 931, 933 (Mo. banc 1997) (citation omitted). Where, as here, issuance of the writ depends on the interpretation of a statute, we review the statute's meaning *de novo*. *State ex rel. White Family P'ship v. Roldan*, 271 S.W.3d 569, 572 (Mo. banc 2008) (quoting *Delta Air Lines, Inc. v. Dir. of Revenue*, 908 S.W.2d 353, 355 (Mo. banc 1995)). In so doing, the primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute. *Id.*

Section 456.2–204.1 of the MUTC states in part that "[v]enue for judicial proceedings involving trust administration shall be":

(1) For a trust then registered in this state, in the probate division of the circuit court where the trust is registered; or

(2) *For a trust not then registered in this state, in the probate division of the circuit court where the trust could properly be registered;* or

(3) For a trust not then registered in this state and which cannot properly be registered in this state, in accordance with the rules of civil procedure.

(Emphasis added.)

Additionally, section 456.2–204.4 states that "[i]f a court finds that in the interest of justice a proceeding or a file should be located in another court of this state, the court making the finding may transfer the proceeding or file to the other court."

We note first that this statute governs "venue for judicial proceedings involving trust administration." Section 456.2–202.3 contains a non-exclusive list of twenty-one proceedings that may relate to the trust's administration so as to fall in the category of a "judicial proceeding."[5] Relevant to this case, they include proceedings to (1) "request instructions or declare rights;" (3) "interpret or construe the terms of the trust;" (4) "determine the validity of a trust or of any of its terms;" (5) "approve a trustee's report or accounting or compel a trustee to report or account;" (6) "direct a trustee to refrain from performing a particular act . . .;" (7) review the actions of a trustee, including the exercise of a discretionary power;" (17) "ascertain the identity of trust beneficiaries or the respective beneficial interests of trust beneficiaries." Here, Goldstein's petition is a declaratory action regarding "Construction of Trust." In his petition, Goldstein seeks a declaration about the scope and effect of the SRG Trust's *in terrorem* provision and seeks declaration "whether claims pertaining to the construction, interpretation or other administration of the SRG and RHG Trusts would violate the *in terrorem* provision, thereby forfeiting his interests under the RHG Trust." He alleges maladministration of the trusts. Thus, Goldstein's

---

cating that the burden was on the party challenging venue, in the majority (and, therefore, controlling) opinion, the Supreme Court held that a party who faces a challenge based on venue must make allegations that bring his or her claims squarely within the applicable statutory venue provision. 152 S.W.3d at 289.

**5.** Section 456.2–202.3 refers to *"jurisdiction over the trustee and beneficiary"* (emphasis added). Though the jurisdiction of the circuit courts is set forth in the Missouri Constitution, this statute is our authority on what constitutes a "judicial proceeding" within the context of the MUTC. We will read this to mean the "authority" of the circuit court rather than the "jurisdiction" of the circuit court. *See J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009).

petition falls directly within several provisions of what the legislature deemed "judicial proceedings involving trust administration."

■ . Finding that the MUTC's venue provision governs, we next look at where each trust could be registered. As to the RHG Trust, we note that section 456.2–204.1(2) applies because that trust was not registered but could be registered in Missouri. Per that subsection, we next query in which circuit court of which county the trust "could properly be registered." In so doing, we look to section 456.027, governing "Registration of trust." That provision states that the "trustee of a trust having its principal place of administration in this state may register the trust in the probate division of the circuit court of the county wherein the principal place of administration is located" and that the "'principal place of administration of a trust' is the trustee's usual place of business where the records pertaining to the trust are kept." *See also* § 456.1–103(17).

Per Lynn's affidavit, the principal place of administration of the RHG Trust is Bank's office in St. Louis City. As noted above, when a party moves to dismiss or to transfer the case on the basis of venue, the opposing party has the burden of showing that venue is proper. *M.R.*, 238 S.W.3d at 207. Yet, Goldstein points to no allegation in the petition or other evidence disputing Lynn's affidavit or otherwise indicating that venue is proper in Jackson County under the MUTC. Because the RHG trust could properly be registered in the probate division of the St. Louis City Circuit Court under section 456.027, that is where venue

"shall" lie pursuant to section 456.2–204.1(2).

As Respondent points out in his brief, the record does not indicate definitively whether the SRG Trust is registered, nor does the record indicate where it is administered.[6] As noted above, all parties, including Goldstein, treated the trusts collectively in their motions in the trial court. The questions of the registration of the SRG trust and where it is administered are thus raised for the first time in this writ, and Relators accordingly urge us to deem these arguments waived. But "[g]iven the discretionary nature of the prohibition remedy, [we] may accept limitations on the issues or examine new points not offered *ab initio*." *State ex rel. Carver v. Whipple*, 608 S.W.2d 410, 412 (Mo. banc 1980) (citation omitted).

We need not deem Respondent's argument as to registration and administration of the SRG Trust as waived, however. That is because, as with the RHG Trust, Goldstein failed to meet his burden of establishing that venue was proper in Jackson County as to the SRG Trust, either in his petition, his responsive motion before the trial court, or in the briefing of this writ. *M.R.*, 238 S.W.3d at 207. As Relators collectively seek transfer to the Circuit Court of St. Louis City and as Relators have presented evidence that venue is proper there as to at least one of the two trusts at issue, and more importantly, as Goldstein has not met his burden of establishing that venue is proper in Jackson County, we hold that the trial court abused its discretion in refusing to transfer the

---

6. As noted above, the petition indicates that Jones is the trustee and that she resides in St. Louis County. Jones and the other Individual Defendants joined in Bank's motion to transfer the cause to the Circuit Court of St. Louis City or, alternately, to the Circuit Court of the St. Louis County. There is some indication in the record that Jones was never served with the petition in this matter; however, the record indicates that she joined in the motion to transfer venue. We are not required to reach the issue of whether Jones is properly before the court at this time and therefore we do not address it further.

cause to the probate division of the Circuit Court of the City of St. Louis.

In so holding, we reject Respondent's contentions (1) that venue for this action is determined instead or alternately under the general venue statute found in 508.010, and (2) that venue for this action is conferred by Rule 87.02(b).

Missouri's general venue statute is contained in 508.010.2, which states:

In all actions in which there is no count alleging a tort, venue shall be determined as follows:

(1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found;

(2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county;

(3) When there are several defendants, some residents and others non-residents of the state, suit may be brought in any county in this state in which any defendant resides;

(4) When all the defendants are non-residents of the state, suit may be brought in any county in this state.

 "Chapter 508 of the Revised Statutes normally governs venue, but a more specific venue statute will trump those general provisions." *M.R.*, 238 S.W.3d at 207 (citation omitted). Venue can be proper in more than one county. *Control Tech. & Solutions v. Malden R–1 Sch. Dist.*, 181 S.W.3d 80, 82 (Mo.App. E.D.2005) (holding that two specific venue statutes provided alternate venues); *State ex rel. Riordan v. Dierker*, 956 S.W.2d 258, 260–61 (Mo. banc 1997) (harmonizing two specific venue statutes). However, "[g]eneral rules establishing venue are subject to specific statutes which place venue else-

where." *State ex rel. City of St. Louis v. Kinder*, 698 S.W.2d 4, 6 (Mo. banc 1985) (citation omitted). *Accord Igoe*, 152 S.W.3d at 288, and *Joyce*, 258 S.W.3d at 61 (holding that specific venue statutes superseded section 508.010).

Under section 456.2–204.1 of the MUTC, "[v]enue for judicial proceedings involving trust administration *shall* be" dependent on the trust's registry or where it may be registered. (Emphasis added.) As noted above, Respondent has adduced no evidence indicating that this provision of the MUTC can apply in a way that confers venue in Jackson County. Respondent asserts only that the general venue statute applies. With no other specific venue statute with which to examine alternate venue, we conclude that the general venue statute contained in section 508.010 is superseded by the specific venue statute in its application to this matter. *See Igoe*, 152 S.W.3d at 288; *Joyce*, 258 S.W.3d at 61.

 We similarly reject Respondent's argument that venue is conferred by Rule 87.02(b). That subsection provides that "any person interested as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin or cestui que trust" may seek declaratory relief. Respondent relies on *Lynch v. Lynch*, 260 S.W.3d 834 (Mo. banc 2008), and *Betty G. Weldon Revocable Trust v. Weldon*, 231 S.W.3d 158 (Mo.App. W.D.2007), for the proposition that this action could properly be filed in either the probate division or the circuit court pursuant to Rule 87.02(b), and that by extension, either the general venue statute or the MUTC's venue statute can apply. But neither Rule 87.02(b) nor those cases address venue. Respondent's arguments to this end do not remove this action from the purview of the type of "judicial proceedings" contemplated in the MUTC, as explained *supra*.

Further, Respondent points to no authority indicating that a declaratory judgment action under Rule 87.02(b) necessarily means the nature of the action does not lie within the MUTC. At best, Respondent's cited cases indicate that an action may be brought in certain circumstances in the probate division or in a circuit court. Jurisdiction and venue are separate concepts. "Venue assumes the existence of jurisdiction and determines, among many courts with jurisdiction, the appropriate forum for the trial." *State ex rel. Kansas City So. Ry. Co. v. Nixon,* 282 S.W.3d 363, 365 (Mo. banc 2009) (citing *Wyciskalla,* 275 S.W.3d at 252 (Mo. banc 2009)). While Respondent may be correct that the Circuit Court of Jackson County could be an appropriate jurisdiction for this action, he nonetheless has not met his burden of establishing that venue is accordingly proper there. In short, we see no indication that Rule 87.02(b) aids Respondent. *See also* Rule 51.01 (providing that Missouri Supreme Court rules "shall not be construed" to extend or limit venue).

Because in Missouri a more specific venue statute trumps general provisions, because Goldstein's petition falls squarely within the MUTC's venue provision as it meets the broad definition of judicial proceeding, because Bank has established that venue as to the action involving the RHG Trust is proper in the probate division of the Circuit Court of St. Louis City, because Individual Defendants join in Bank's motion, and because Goldstein failed to meet his burden of establishing that venue is proper in the Circuit Court of Jackson County as to either trust, this cause must be transferred.

Bank also filed, before this court, a motion for attorney fees and costs regarding this action, based on the terms of the trust and Section 456.10–1004. The statute allows but does not require the imposition of attorney fees in this action. The trial court is better equipped to hear evidence and address the factual issues regarding the appropriateness, reasonableness, and amount of any attorney fees and whether those fees should be borne by the trust or any individual party or parties to this action. As we are ordering the transfer of the matter to the probate division of the Circuit Court of the City of St. Louis, at this time we dismiss the motion for attorney fees and costs without prejudice and allow the parties to address this issue before that court.

## Conclusion

For the foregoing reasons, the preliminary writ of prohibition is made absolute and the trial court shall transfer the cause to the probate division of the Circuit Court of the City of St. Louis. Bank's motion for attorney fees and costs is dismissed without prejudice.

All concur.