ROBERT G. DOWD, JR., Presiding Judge
Mylan Bertek Pharmaceuticals, Inc. seeks, on behalf of the State, a writ of prohibition against the Honorable David Lee Vincent, to prevent him from taking any action other than to grant the motion to transfer this case from St. Louis County to the proper venue of St. Charles County. Suggestions in opposition were filed. We dispense with further briefing as permitted by Rule 84.24(j) and enter a permanent order of prohibition.
Janna Lowry ("Plaintiff") filed a wrongful death petition in St. Louis County alleging that the defendants' negligence caused her husband to become addicted to opioids, which eventually led to his death by suicide. Plaintiff alleges that she is a resident of St. Charles County and that the decedent was a citizen of Missouri. Mylan Bertek ("Relator") is one of several opioid manufacturers named as defendants, along with the decedent's treating physician, Dr. Christopher Creighton. The petition alleged that the decedent injured his back in 1998 and began treatment for pain management with Dr. Creighton in 2004. From 2004 to 2016, Dr. Creighton prescribed excessive amounts of opioids to the decedent and the decedent became addicted. The decedent moved to Kansas City in 2006, but would drive back to St. Louis once a month to get opioids from Dr. Creighton or the doctor would mail the prescriptions to him. In 2016, the petition alleged, the decedent "retired and moved back to St. Charles, Missouri." While traveling to Florida in July of 2016, the decedent was unable to fill his opioid prescriptions. He began suffering withdrawal symptoms and, when the pain became unbearable, he shot himself in the chest. The petition asserted that venue was proper in St. Louis County.
On April 16, 2018, Relator filed a "motion to transfer, or in the alternative, for a more definite statement or, in the alternative, to dismiss." Therein, Relator asserted that the case should be transferred to St. Charles County or, in the alternative, Plaintiff should file an amended petition providing facts to support venue in St. Louis County. Relator argued that venue is proper where the decedent was "first injured," citing Section 508.010, and claimed that "first injured" in this type of case meant where the opioids were first ingested. Relator argued that none of the factual allegations in the petition establish that the first ingestion of these drugs occurred in St. Louis County. Although there were also no express allegations that the drugs were ingested in St. Charles County, *71 Relator contended that the petition supported that inference. Relator reasoned because the petition averred that the decedent moved to Kansas City in 2006 and then "moved back " to St. Charles in 2016, it implies that he was living in St. Charles County before his move to Kansas City, including in 2004 when he began taking opioids. Thus, Relator argued, the place of first ingestion was St. Charles County and that is the proper venue. Alternatively, Relator asked the court to order Plaintiff to make a more definite statement as to where the decedent was "first injured" for purpose of establishing venue under the statute. This motion also contained Relator's motion to dismiss the claims against it as insufficiently pled and preempted. In late June of 2018, Relator noticed its motions for hearing in July.
On July 5, 2018, Plaintiff filed her response to Relator's motions. In reply to the motion to transfer venue, Plaintiff asserted that the place of first ingestion is "not the proper standard for determining venue." She stated that Dr. Creighton's practice was based out of St. Louis County and that is where the decedent was "first exposed to the negligent conduct in this case." Therefore, she argued, venue is proper in St. Louis County." Relator filed a response and argued that Plaintiff's reply to the motion to transfer venue was untimely because it was not filed within thirty days of its motion. It contended that the court had no discretion under Rule 51.045(c) but to grant the motion and transfer the case to St. Charles County. The next day, Plaintiff admitted her reply was filed after the expiration of the time limit, but moved for an extension of time under Rule 44.01(b). She explained that Relator's motion to transfer venue was a small part of a large combined motion seeking to dismiss the petition in its entirety. Because there was no deadline to file a response to the motion to dismiss, Plaintiff "accidentally and inadvertently failed to file" a timely reply to the venue motion. Plaintiff argued that her failure to timely file the reply was a result of excusable neglect. Relator objected to the granting of an extension. The trial court granted Plaintiff's request for an extension of time and "for good cause shown" permitted her leave to file the reply out of time. The court denied the motion to transfer venue without explanation. This petition for writ followed.
The use of an extraordinary writ to correct a trial court's improper venue decision before trial is well-established. State ex rel. Heartland Title Services, Inc. v. Harrell, 500 S.W.3d 239, 241 (Mo. banc 2016). A writ of prohibition is appropriate when a trial court has erroneously denied transfer. See State ex rel. Bank of America N.A. v. Kanatzar , 413 S.W.3d 22, 26-27 (Mo. App. W.D. 2013). Where, as here, issuance of the writ depends on the interpretation of the venue statute, our review is de novo. See id.
Before reaching the legal issue of proper venue here, we first address the timeliness of Plaintiff's reply to the motion to transfer venue. Relator argues the court was mandated to grant the motion to transfer upon Plaintiff's failure to file a timely reply under Rule 51.045. The rule requires that a reply be filed within thirty days, and "if no reply is filed, the court shall order transfer to one of the counties specified in the motion." See Rule 51.045(a) and (c). The rule itself contemplates extensions of that time period "for good cause shown," but here Plaintiff requested an extension of time under a different rule, Rule 44.01(b):
[T]he court for cause shown may at any time in its discretion ... upon notice and motion made after the expiration of the specified period permit the act to be *72 done where the failure to act was the result of excusable neglect.
Relator argues that Plaintiff failed to show excusable neglect under Rule 44.01(b) and thus the trial court's grant of an extension of time under this rule was an abuse of discretion. We disagree.
"Excusable neglect" is the failure to act "not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident. " Flowers v. City of Campbell , 384 S.W.3d 305, 314 (Mo. App. S.D. 2012) (emphasis added) (citing Inman v. St. Paul Fire & Marine Insurance Company, 347 S.W.3d 569, 576 (Mo. App. S.D. 2011) ). "Excusable neglect is an action attributable to mishap and not the result of indifference or deliberate disregard." Inman , 347 S.W.3d at 576. Here, Plaintiff asserted that she "accidentally and inadvertently failed to file" a timely response, noting that the motion to transfer was combined with other motions to which no deadlines applied. Unlike the cases on which Relator relies, here Plaintiff provided an explanation for her untimely response. We cannot say that it was an abuse of discretion to deem that explanation "excusable neglect" and enlarge the time for filing Plaintiff's reply to the motion for transfer. Having acted within its discretion to grant that extension of time under Rule 44.01(b), the reply was properly filed and before the court. The trial court was not, therefore, subject to the mandate in Rule 51.045(c) requiring that the motion to transfer be granted if no reply is filed. Rather, the court was within its discretion to rule on the merits of the motion, which we turn to now.
Venue is determined solely by the statute, Section 508.010. State ex rel. Selimanovic v. Dierker , 246 S.W.3d 931, 932-33 (Mo. banc. 2008). When interpreting that statute, the primary rule is to give effect to legislative intent as reflected in the plain language thereof. Id. The parties agree that according to that statute, venue in this case depends on where the decedent was "first injured." Section 508.010.4 provides that in tort actions where the plaintiff is first injured in the state of Missouri, "venue shall be in the county where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action." Likewise, in a wrongful death action, venue is proper "where the decedent was first injured by the wrongful acts or negligent conduct alleged in the action." Section 508.010.11. The statute provides that a plaintiff is "considered first injured where the trauma or exposure occurred rather than where symptoms are first manifested." Section 508.010.14. When read together, these sections require a determination of where the decedent was "first injured," which, in turn, requires a determination of where the "trauma or exposure occurred." See Dierker , 246 S.W.3d at 932-33.
The focus on "first injury" is a change from the way venue was determined prior to tort reform in 2005. The statute previously stated that venue in a tort case was proper where the cause of action accrued. See Section 508.010(6) (2000). For venue purposes, a cause of action was deemed to have accrued "where the wrongful conduct causing injury or damages occurred." State ex rel. Private Nursing Services, Inc. v. Romines , 130 S.W.3d 28, 30 (Mo. App. E.D. 2004) (emphasis added). Now, however, instead of venue being proper in the county where the action accrued, "venue is now appropriate only in the county of first injury." State ex rel. Kinsey v. Wilkins , 394 S.W.3d 446, 453 (Mo. App. E.D. 2013).
*73 Plaintiff argues that the decedent was first prescribed the opioids by Dr. Creighton in St. Louis County, which was the act that initiated the chain of events that led to his addiction and death, and therefore venue is proper there. In other words, she argues that the decedent should be considered first injured where the exposure to the negligent conduct occurred. This argument is outdated and misplaced under the current statute. If the legislature intended to keep the focus for venue on the place of the negligent conduct, it would not have changed the locus of venue from the place of accrual to the place of first injury. But it did, and that change makes the injury--not the conduct--the focus of the venue inquiry. The meaning of "first injured," at least in a case of bodily injury, is self-evident. For example, it is obvious that the victim of an automobile collision is first injured at the location and time of the collision. See David Achtenberg, Venue in Missouri After Tort Reform , 5 UMKC L. Rev. 593 (2007). That victim is not injured at the moment the other driver first acted negligently--say by running a stop sign--but when the trauma or exposure to her body occurred, which in that case is at the time of impact from the other car.
Here the alleged injury is also to the decedent's body, namely his addiction to opioids, the resulting pain and suffering, and ultimately his death. That injury only could have occurred when he ingested the opioids because that is when his body was first exposed to the drug. No injury had yet occurred when the decedent walked out of Dr. Creighton's office with a prescription for opioids in his pocket or even after he filled the prescription. At that point, the decedent was exposed only to the potential of suffering the alleged injury. Once he ingested the opioids, however, he actually exposed his body to the ill-effects of the drug. It does not matter that the symptoms of addiction had not yet manifested. See Section 508.010.14. Under the statute, the decedent was "first injured" when he first ingested the opioids because that is when the exposure occurred.
The question then becomes where that first ingestion occurred. To answer that question, we return to the procedure for transferring a case from an improper to a proper venue. Rule 51.045 provides that a motion to transfer venue "alleging improper venue ... shall (1) specify one or more counties in which the movant contends venue is proper, and (2) state the basis for venue in each such county." Rule 51.045(a). When a party moves to transfer the case on the basis of venue, the plaintiff has the burden of showing that venue is proper. See Igoe v. Department of Labor & Industrial Relations of State of Missouri , 152 S.W.3d 284, 288 (Mo. banc 2005) ; Kanatzar , 413 S.W.3d at 26-27 ; State ex rel. Harness v. Grady , 201 S.W.3d 48, 50 (Mo. App. E.D. 2006). Thus, the plaintiff in a reply to the motion to transfer "shall state the basis for venue in the forum or state reasons why venue is not proper in one or more counties specified by the movant." Rule 51.045(b). "The court shall not consider any basis not stated in the reply." Rule 51.045(b).
In its motion to transfer, Relator alleged that St. Louis County was improper and contended that venue was proper in St. Charles County because that is where the decedent first ingested the opioids and therefore where he was "first injured" under the statute. Relator asserted that the reasonable inference from the petition was that the decedent was living in St. Charles when he first ingested the opioids in 2004. Plaintiff did not, in her reply to that motion, challenge this inference or contest the fact that first ingestion occurred in St. Charles County. Rather, the only stated basis for showing proper venue in St.
*74 Louis County and improper venue in St. Charles in her reply was the challenge to the legal standard, namely that the place of first exposure to the negligent conduct is the proper place of venue not the place of first ingestion.[1] Plaintiff claims now in this Court that there is nothing in the petition showing that the opioids were first ingested in St. Charles County and states that she does not concede that fact. But her failure to assert that as a reason why venue in St. Charles County was improper in the reply means that it was not a reason that can be considered. See Rule 51.045(b); see State ex rel. Trans World Airlines, Inc. v. David , 158 S.W.3d 232, 234 (Mo. banc 2005) (where motion for transfer asserted facts showing that chosen venue was improper and reply "did not dispute or even address" those facts, the court deemed the facts undisputed).
Because we conclude that the place the decedent was "first injured" means in this case the place his body was first exposed to the drugs to which he became addicted and because there is no actual factual dispute that St. Charles County is where he first ingested those drugs, the case should have been transferred to St. Charles County.
The petition for a writ of prohibition is granted. The trial court is permanently prohibited from taking any action except to grant Relator's motion to transfer and order the case transferred to St. Charles County.
Lisa P. Page, C.J., concurs.
Lawrence E. Mooney, J., concurs.

Plaintiff did also assert in her reply that venue was proper in St. Louis County under Section 508.010.5(1). But that section only applies when the first injury occurs outside the state of Missouri. Plaintiff appears to have, correctly, abandoned this as a basis for venue.