

# SUPREME COURT OF MISSOURI
## en banc

CAROLYN HOLMES, Personal )
Representative for the Estate of )
ROBERT V. HOLMES, )
                     )
              Appellant, )
                     )
v. )
                     )
UNION PACIFIC RAILROAD CO., )
                     )
              Respondent. )

*Opinion issued March 8, 2021*

No. SC98673

### APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
The Honorable Bryan E. Round, Judge

Carolyn Holmes (hereinafter, "Holmes") filed a wrongful death lawsuit in her purported capacity as the personal representative of the estate of her husband, Robert V. Holmes (hereinafter, "Decedent"), against Union Pacific Railroad Company (hereinafter, "Union Pacific") under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq*. (hereinafter, "FELA"). Union Pacific moved to dismiss Holmes' petition because she was not appointed the personal representative of Decedent's estate as required under 45 U.S.C. § 51 prior to filing suit. The circuit court granted Holmes thirty days to obtain the appropriate appointment and amend her petition. Holmes obtained the letters of

administration appointing her the personal representative of Decedent's estate beyond the thirty-day deadline, and the circuit court dismissed her petition.

Holmes argues on appeal the circuit court abused its discretion in failing to grant her leave to amend her petition beyond the thirty-day deadline and dismissing her cause of action.[1] This Court holds the circuit court did not abuse its discretion in overruling Holmes' motion for leave to amend her petition out of time because she failed to demonstrate excusable neglect justifying the late filing. This Court affirms the circuit court's judgment dismissing Holmes' petition.

**Factual and Procedural Background**

Decedent was employed by Union Pacific as a fireman and conductor for forty years. Decedent contracted lung cancer and died in July 2015. On April 29, 2018, Holmes brought a wrongful death lawsuit against Union Pacific under FELA, alleging Decedent's cancer and death were caused or contributed to by his exposure to toxic substances and carcinogens during his employment. The petition's caption named Holmes as the personal representative of Decedent's estate, and Holmes characterized herself as the personal representative twice in the petition. Holmes also executed medical record release authorizations in her purported capacity as the personal representative.

In November 2018, Union Pacific's counsel contacted Holmes' counsel due to difficulty obtaining Decedent's medical records. Union Pacific requested a copy of the letters of administration appointing Holmes as the personal representative to accompany

---

[1] This Court has jurisdiction. Mo. Const. art. V, sec. 10.

2

the medical authorizations. Holmes' counsel responded that "no official estate has been opened," and he planned to "petition the [c]ourt," but acknowledged Union Pacific would file a motion to dismiss.

On December 21, 2018, Union Pacific moved to dismiss Holmes' petition because she was not the personal representative of Decedent's estate at the time she commenced the action or as the action proceeded. Sixteenth Circuit Court Local Rule 33.5.1 required Holmes' response to Union Pacific's dismissal motion to be filed by December 31, 2018.

On January 25, 2019, Holmes moved for leave to file a response out of time due to excusable neglect pursuant to Rule 44.01(b). Holmes' counsel believed he had thirty days in which to respond and had "no inkling" the response was due earlier under the local rule. Holmes argued her suit should not be dismissed because she did not know she had a cause of action against Union Pacific at the time Decedent died. Holmes further contended the lack of proper appointment was not fatal to her lawsuit because the circuit court could allow her to obtain the letters of administration and amend her petition so as to relate back to her original petition. Holmes stated she would "instantly" formalize her status as the personal representative if the circuit court granted leave and permitted her a reasonable time to obtain the appointment.

Union Pacific opposed Holmes' motion for leave to file a response out of time, alleging ignorance of the local rule deadline did not constitute excusable neglect and the response was late based on the typical thirty-day deadline. Union Pacific further argued it repeatedly has litigated the failure to obtain proper appointment with Holmes' counsel in

3

at least five other cases, demonstrating this was a recurring issue of which Holmes' counsel had actual knowledge.

The circuit court sustained Holmes' motion for leave to file a response out of time "despite [her] inability to identify and abide by local rule." On March 4, 2019, the circuit court issued a thirty-day stay in the proceedings for Holmes to file an amended petition "with all claims conforming to Missouri and Local Rule. Following the conclusion of the thirty (30) days, the [circuit court] will consider all plead [sic] matters, as it relates to the motion to dismiss."

On April 1, 2019, Holmes filed a court memorandum indicating she opened Decedent's estate and submitted her application to be appointed the personal representative. Holmes did not file an amended petition on April 3, 2019, as required by the circuit court's March 4, 2019, order.

Union Pacific renewed its motion to dismiss Holmes' petition because she had not been appointed the personal representative of Decedent's estate by the circuit court's deadline. Union Pacific alleged Holmes only filed the pleadings necessary to open the estate on March 25, 2019, despite the fact she should have secured the appointment prior to the lawsuit being filed, at any point after filing, or when Union Pacific made Holmes' counsel aware of the issue in November 2018. Union Pacific noted Holmes' inability to meet deadlines impacted the trial setting, the course of discovery, and Union Pacific's ability to determine causation, obtain experts, and mount defenses.

On April 9, 2019, the probate division issued letters of administration appointing Holmes the personal representative of Decedent's estate. On April 10, 2019, Holmes

moved to file an amended petition out of time, again pleading excusable neglect occurred under Rule 44.01(b). Holmes maintained she prepared the request for the letters of administration in the time the circuit court required but faulted the probate clerk for taking fifteen days to perform a ministerial task. Holmes argued Union Pacific would suffer no prejudice if the circuit court granted leave to amend because it knew the estate was opened and the letters of administration were pending. Union Pacific disagreed, arguing it was prejudiced due to the delay in discovery, taking depositions, and in retaining experts regarding causation. Union Pacific also noted Holmes waited twenty-one days to file the appropriate pleadings and could not fault the probate division for performing its due diligence in issuing the letters of administration.

The circuit court overruled Holmes' motion to file her amended petition out of time due to her inability to abide by the deadline imposed in its March 4, 2019, order. The circuit court dismissed Holmes' petition without prejudice, explaining the probate division issued the letters of administration more than one year after Decedent's death and Holmes failed to be appointed the personal representative prior to filing the lawsuit or in the time proscribed by the March 4, 2019, order.

Holmes filed a motion for reconsideration citing Rule 75.01. Holmes argued she sought to file her amended petition as soon as the letters of administration were issued and dismissing her action without prejudice extinguished any potential legal remedy Holmes had against Union Pacific because the statute of limitation had expired. Holmes argued these grounds constituted good cause for the circuit court to reopen the action and amend its dismissal order. Union Pacific opposed the motion and argued Holmes intentionally

5

filed her petition without first being appointed the personal representative despite knowing a proper appointment was necessary. Union Pacific reiterated it had litigated this issue in at least five other cases with Holmes' counsel before the petition at issue was filed. Holmes replied the only issue was whether she demonstrated good cause to reopen the judgment to avoid a manifest injustice. Holmes conceded she could have opened the estate at any point after Decedent's death and she waited until the March 4, 2019, order to do so. Holmes claimed, however, the reason for the delay was neither intentionally nor recklessly designed to impede the judicial process. For the first time, Holmes averred she used the additional time in March to retain local counsel to administer the estate, to prepare the required pleadings, and to obtain renunciations of rights executions by the heirs to Decedent's estate. The circuit court overruled Holmes' motion for reconsideration. Holmes appeals.

## Standard of Review

Holmes and Union Pacific disagree how to characterize Holmes' pleading seeking leave to file her amended petition out of time. This Court's standard of review is the same regardless of how it analyzes Holmes' pleading and the circuit court's ruling. The circuit court retains "broad discretion to allow or disallow amendments to pleadings." *Bach v. Winfield-Foley Fire Protection Dist.*, 257 S.W.3d 605, 610 (Mo. banc 2008). The circuit court's ruling "on a party's request for additional time is reviewed for an abuse of discretion." *Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 825 (Mo. banc 2014). This Court will find a circuit court abused its discretion when the ruling "is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary it

6

shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Sherrer v. Boston Scientific Corp.*, 609 S.W.3d 697, 705 (Mo. banc 2020) (quoting *Cox v. Kan. City Chiefs Football Club, Inc.*, 473 S.W.3d 107, 114 (Mo. banc 2015)). "[D]iscretionary rulings are presumed correct[.]" *Anglim v. Mo. Pac. R.R. Co.*, 832 S.W.2d 298, 303 (Mo. banc 1992). "[I]f reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *Id.*

## Analysis

Holmes' multifarious point relied on argues the circuit court abused its discretion in denying her leave to file her amended petition and dismissing her action. Holmes first argues Rule 55.33 permits her to perfect her status as the personal representative of Decedent's estate during the pendency of the FELA action, and, once she did so, she should have been allowed to amend her petition. Holmes next argues Rule 67.06 mandates the circuit court grant her leave to amend her petition to remedy a curable error when she requests to do so after sustaining Union Pacific's dismissal motion. Holmes further claims she was unable to file an amended petition until the probate division issued the letters of administration appointing her the personal representative, which occurred after the deadline the circuit court set for the amendment.

"Multifarious points relied on are noncompliant with Rule 84.04(d) and preserve nothing for review." *Bowers v. Bowers*, 543 S.W.3d 608, 615 n.9 (Mo. banc 2018). "Nevertheless, this Court gratuitously exercises its discretion to review the defective point and resolve the issues on the merits." *Id.* (quoting *Peters v. Johns*, 489 S.W.3d 262, 268

7

n.8 (Mo. banc 2016)). Before addressing Holmes' defective point, this Court must resolve how to characterize Holmes' pleading seeking leave to amend and whether her arguments are preserved for appeal.

First, Holmes argues the circuit court abused its discretion in failing to grant her leave to amend her petition pursuant to Rule 55.33(a), which provides a "pleading may be amended only by leave of court … and leave shall be freely given when justice so requires." Holmes contends the circuit court should have granted her leave to amend her petition after she was appointed the personal representative because justice so requires.

Holmes' characterization of her pleading as merely seeking leave to amend her petition is incorrect. In response to Union Pacific's motion to dismiss, Holmes expressly stated she "instantly" would formalize her status as the personal representative *if leave were granted*, and the circuit court permitted her a reasonable time to obtain the appointment. The circuit court's March 4, 2019, order explicitly granted Holmes thirty days' leave to amend her petition, despite the fact the circuit court's scheduling order required amended pleadings to be filed no later than December 7, 2018. Hence, the real issue before this Court is whether the circuit court abused its discretion in refusing to further extend the thirty-day deadline after Holmes failed to comply. Accordingly, the cases construing Rule 55.33 on which Holmes relies are inapplicable.

Holmes next argues Rule 67.06 mandates a circuit court permit a plaintiff to amend her petition to remedy a curable error when she requests to do so after an order of dismissal. Holmes relies on the first sentence of Rule 67.06, which states, "On sustaining a motion to dismiss a claim, … the court shall freely grant leave to amend and shall specify the time

8

within which the amendment shall be made or amended pleading filed." Union Pacific argues Holmes' Rule 67.06 arguments are not preserved.

"An issue that was never presented to or decided by the trial court is not preserved for appellate review." *Dieser v. St. Anthony's Med. Ctr.*, 498 S.W.3d 419, 432 (Mo. banc 2016) (quoting *State v. Davis*, 348 S.W.3d 768, 770 (Mo. banc 2011)). "[A] party seeking the correction of error must stand or fall on the record made in the trial court[;] thus it follows that only those objections or grounds of objection which were urged in the trial court, without change and without addition, will be considered on appeal." *Id*. (alterations in original).

Holmes never cited or relied on Rule 67.06 in any pleading before the circuit court. Her April 10, 2019, motion for leave to file her amended petition out of time argued she committed excusable neglect under Rule 44.01(b) and faulted the probate clerk for her late filing. After the circuit court dismissed her lawsuit, Holmes' motion for reconsideration and her reply to Union Pacific's response relied on Rule 75.01 as grounds for the circuit court to reverse its ruling. Holmes specifically argued, "The only issue here is whether there exists good cause for [the circuit court] to vacate, reopen, amend, or modify its judgment under Rule 75.01" to avoid a manifest injustice. Holmes never cited Rule 67.06 or argued the circuit court was required to grant her leave to amend her petition after the dismissal order disposed of her lawsuit. "[I]t has long been stated that this Court will not, on review, convict a lower court of error on an issue which was not put before it to decide."

9

*Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 36 (Mo. banc 1982).[2]  Holmes' argument

concerning Rule 67.06 is not preserved and will not be addressed.

This Court turns its attention to the argument that Holmes presented below that she

was unable to file a timely amended petition until the probate division issued the letters of

administration appointing her the personal representative, which occurred after the circuit

court's deadline.  Holmes believes the probate division's failure to issue the letters of

administration before the deadline constituted excusable neglect justifying her late filing.

These arguments go to the heart of the issue:  whether the circuit court abused its discretion

in refusing to further extend the thirty-day deadline after Holmes failed to file her amended

petition timely.

The circuit court generally has authority to expand time periods for filing certain

pleadings.  *Scottsdale Ins. Co.*, 448 S.W.3d at 825.  Rule 44.01(b) provides:

> When by these rules or by a notice given thereunder or by order of court an
> act is required or allowed to be done at or within a specified time, the court
> for cause shown may at any time in its discretion (1) with or without motion
> or notice order the period enlarged if request therefor is made before the

[2] Union Pacific further argues this issue is not preserved because Holmes failed to present arguments concerning Rule 67.06 in her court of appeals brief.  "When this Court grants transfer of an appeal after briefing in the court of appeals, Rule 83.0[8] prohibits the appellant from asserting claims of reversible error in this Court that were not asserted in the court of appeals."  *Garland v. Ruhl*, 455 S.W.3d 442, 450 n.7 (Mo. banc 2015).  Holmes' point relied on did not set forth a claim of reversible error regarding Rule 67.06, nor did it cite the rule in its table of authorities.  Instead, Holmes quoted Rule 67.06 in one sentence in the argument portion of her brief and by implicit reference through a brief discussion of *Costa v. Allen*, 274 S.W.3d 461 (Mo. banc 2008).  Rule 84.04(e) requires the argument to be limited to the errors included in the point relied on.  "[A]n argument not set out in the point relied on but merely referred to in the argument portion of the brief does not comply with the requirements of Rule 84.04(d) … is considered abandoned in this Court."  *Brizendine v. Conrad*, 71 S.W.3d 587, 593 (Mo. banc 2002).

10

expiration of the period originally prescribed or as extended by a previous order or (2) upon notice and motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

There is no dispute Holmes failed to meet the circuit court's deadline for filing her amended petition. Holmes acknowledged in her motion for leave to file an amended petition out of time she was required to demonstrate excusable neglect.

"Excusable neglect is the failure to act 'not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident.'" *Irvin v. Palmer*, 580 S.W.3d 15, 22 (Mo. App. E.D. 2019) (quoting *State ex rel. Mylan Bertek Pharm., Inc. v. Vincent*, 561 S.W.3d 68, 72 (Mo. App. E.D. 2018)). "Excusable neglect is an action attributable to mishap and not the result of indifference or deliberate disregard." *Mylan*, 561 S.W.3d at 72 (quoting *Inman v. St. Paul Fire & Marine Ins. Co.*, 347 S.W.3d 569, 576 (Mo. App. S.D. 2011)). "Importantly, demonstrating excusable neglect is a higher burden than proving an action was not 'recklessly designed to impede the judicial process' as required to show good cause …." *Irvin*, 580 S.W.3d at 22.

The record is replete with instances in which Holmes acted with carelessness, inattention, and deliberate disregard for securing her status as the personal representative of Decedent's estate and for failing to comply with the circuit court's deadline. To explain her failure to secure an appointment, Holmes first asserts she was unaware she had a cause of action against Union Pacific when Decedent died in July 2015. Yet the record demonstrates Holmes' counsel had knowledge due to litigating this issue with Union

11

Pacific in at least five previous cases —before this lawsuit was filed in April 2018—that Holmes needed to be appointed as the personal representative.[3] Instead of securing the appointment prior to filing her suit, Holmes' petition falsely named herself as the personal representative of Decedent's estate. Holmes later executed medical authorizations to release Decedent's medical records in her purported capacity as the personal representative. Holmes' counsel candidly admitted in November 2018—almost seven months after filing the lawsuit—that "no estate was open" and he planned to petition the probate division for letters of administration.

Holmes took no action to petition the probate division even after Union Pacific filed a motion to dismiss in late December 2018. Holmes now contends that once Union Pacific moved to dismiss her lawsuit, she chose to wait for the circuit court to issue a ruling. Holmes explains: "If she had acted immediately and the court dismissed the action without allowing her to cure the deficiency, she would have expended a considerable amount of money to no end. It was only prudent to wait for the [circuit] court's ruling." Hence, Holmes made a conscious decision to forego correcting her pleading that she repeatedly argued was easily curable and could be done "instantly." Nevertheless, the circuit court granted Holmes' request and gave her thirty days in which to secure the appointment and amend her petition. This ruling extended the circuit court's scheduling order deadline for amendment of pleadings by almost four months.

---

[3] Holmes never disputed Union Pacific's claim and citations to other cases in which the parties litigated this precise issue, nor did Holmes object to these citations being considered as outside the scope of the motion to dismiss in the circuit court.

12

Holmes did not open Decedent's estate "instantly;" instead, she waited three weeks to file the necessary pleadings with the probate division to be appointed as the personal representative. Holmes makes much of the fact that the circuit court had knowledge of her efforts to secure the appointment through her April 1, 2019, court memorandum. The memorandum contained three sentences informing the circuit court an estate had been opened, Holmes filed an application to be appointed the personal representative, and Decedent's heirs had renounced their rights. Holmes contends she "did not dawdle" because she spent the thirty days presumably hiring local counsel, preparing pleadings, and executing essential documents to obtain the appointment. Holmes did not inform the circuit court of her purported efforts during the thirty-day time period in the April 1, 2019 memorandum or when she filed her motion for leave to amend her petition out of time on April 10, 2019. Instead, she waited until May 15, 2019, to explain her actions when she filed her reply to Union Pacific's suggestions in opposition to her motion for reconsideration after the circuit court dismissed her petition. Holmes failed to offer any evidence or affidavits to substantiate her efforts to secure the appointment. Allegations contained in a motion for reconsideration that include factual matters outside of the record are not self-proving. *See Frontenac Bank v. GB Investments, LLC*, 528 S.W.3d 381, 393 (Mo. App. E.D. 2017).

All of these actions belie Holmes' assertion leave to amend out of time should have been granted due to excusable neglect. The record establishes Holmes took no action to obtain appointment as the personal representative of Decedent's estate until March 25, 2019, which was almost eleven months after she filed suit, four months after informing

13

Union Pacific's counsel she would seek the appointment, two months after beseeching the circuit court to grant her leave to seek the appointment "instantly," and merely ten days before the circuit court's deadline expired. Holmes' inaction cannot be characterized as some unexpected or unavoidable hindrance or accident.

Holmes argues her "hands were tied" until the probate clerk issued the letters of administration appointing her as the personal representative. This Court finds such issuance of letters of administration less than three weeks after the estate was opened did not constitute an unavoidable hindrance, especially when Holmes' counsel knew it was necessary and required to secure this appointment prior to filing the lawsuit.

When examining the whole record, the circuit court properly concluded, under these particular circumstances, Holmes' failure to file her amended petition in her actual capacity as the personal representative of Decedent's estate by the circuit court's deadline was not the result of an unexpected or unavoidable hindrance, accident, or mishap, but was instead the result of Holmes' carelessness, inattention, and deliberate disregard. *Mylan*, 561 S.W.3d at 72. The circuit court did not abuse its discretion by finding Holmes failed to demonstrate "excusable neglect" and in refusing to further extend the deadline for her to file an amended petition out of time.[4]

---

[4] This Court does not reach the issues of whether Holmes' failure to be appointed as the personal representative simply was a matter of her capacity to sue rather than standing to sue or the parties' argument regarding subject matter jurisdiction.

**Conclusion**

The circuit court's judgment dismissing Holmes' petition is affirmed.

_____
GEORGE W. DRAPER III, Chief Justice

All concur.

15